David J. Jordan (1751)
david.jordan@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:  801.328.3131

*Attorneys for Defendant Corporation of the*
 *President of The Church of Jesus Christ of*
 *Latter-day Saints*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>          Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR INITIAL SCHEDULING CONFERENCE**<br><br>Case No. 2:19-cv-00554-RJS-DBP<br><br>The Honorable Robert J. Shelby<br>The Honorable Dustin B. Pead |

Defendant Corporation of the President of The Church of Jesus Christ of

Latter-day Saints (the "Church") responds to Plaintiff's "Motion for Initial

Scheduling Conference" (Docket 14) pursuant to Judge Furse's "Order to Propose

Schedule" Section 2(c) (Docket 4).

## INTRODUCTION

Plaintiff Laura A. Gaddy's Complaint seeks to adjudicate questions that are plainly forbidden by the First Amendment.  She requests that the Court and a jury make findings about the Church's "official narratives" regarding its fundamental teachings about its first modern prophet, Joseph Smith, and its canonical scripture including the Book of Mormon.  The Church filed a "Motion to Dismiss Pursuant to Rule 12(b)(1) or, Alternatively, 12(b)(6)" (the "Motion to Dismiss").

All discovery and scheduling issues should be stayed pending the outcome of the Church's Motion to Dismiss.  As set forth in the Church's Motion to Dismiss, the United States Supreme Court has explained that the "very process of inquiry" into a Church's religious beliefs violates First Amendment, not just the ultimate "conclusions that may be reached." *NLRB v. Catholic Bishop of Chi.*, 440 U.S. 490, 502 (1979).  The Court should therefore address the jurisdictional and constitutional issues raised in the Motion to Dismiss before allowing any discovery to be conducted.

## FACTUAL BACKGROUND

Judge Furse issued an "Order to Propose Schedule" on August 7, 2019. (Docket 4).  On August 29, 2019, following email correspondence between counsel, the parties agreed to jointly file a motion staying all discovery pending a

ruling on the Motion to Dismiss.  On September 4, 2019, plaintiff's counsel

reversed course and withdrew her stipulation.  She indicated that she "wanted to

leave the matter open to consider the potential of limited discovery as to subject

matter jurisdiction."

On September 10, 2019, plaintiff's counsel sent an email indicating that she

had "considered discovery on the subject matter jurisdiction issue and decided that

[she does] not need it."  She then proposed a stipulation staying discovery and also

extending the deadline to file a motion for class certification.  Counsel for both

parties had another telephonic conference that day to negotiate language that both

counsel found acceptable.  That language was memorialized by defense counsel

and sent to plaintiff's counsel who indicated she would circulate a draft proposed

motion with the mutually-agreeable language by noon the next day.

On Friday September 12, 2019, plaintiff's counsel again reversed course and

did not prepare a stipulated motion based on the language prepared the afternoon

before, citing concerns about the timing of "class discovery."  Counsel exchanged

several emails and defense counsel again agreed to stay all discovery and the

deadline for class certification so that "the 'clock' for class discovery (to the extent

any is allowed) is not running during the pendency of the motion to dismiss."

Defense counsel prepared another draft stipulated motion and proposed order that same day.

The following Monday, plaintiff's counsel indicated that she would not agree to the stipulation.  She instead filed her motion.  (Docket 14).

## ARGUMENT

The Church requests that Ms. Gaddy's Motion for Initial Scheduling Conference be denied and that all discovery and scheduling be stayed pending the resolution of the Motion to Dismiss.  That simple solution avoids violation of the First Amendment, poses no prejudice to Ms. Gaddy, and saves judicial and party resources.

As set forth fully in the Motion to Dismiss, the First Amendment is a complete bar to Ms. Gaddy's claims.  For the sake of brevity, the full argument and supporting case law are not repeated here.  It is sufficient to note that the United States Supreme Court has consistently held that courts "cannot engage in the forbidden process of interpreting and weighing church doctrine." *Presbyterian Church v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church,* 393. U.S. 440, 451 (1969).  If, as the Church contends, Ms. Gaddy's complaint would require the court to "engage" in that "forbidden process" then any action by the court (including permitting discovery) would violate the First Amendment.

Accordingly, it is incumbent on the Court to first determine the jurisdictional and constitutional issue before proceeding.

Ms. Gaddy is not prejudiced by a stay of all discovery and scheduling pending the Motion to Dismiss.  First, most of the facts Ms. Gaddy puts at issue occurred between 1820 and 1844.  Compl. ¶¶ 64-101.  A short delay pending the resolution of the Motion to Dismiss will hardly change the record about those events.  Second, the only argument Ms. Gaddy advances is potential prejudice of being forced to file her motion for class certification before she is able to conduct any "class discovery."[1]  But this problem is easily remedied by staying the deadline for class certification pending the Motion to Dismiss—the very stipulation repeatedly offered by defense counsel.

Finally, staying scheduling and discovery preserves judicial and party resources.  If the Church's Motion to Dismiss is granted, Ms. Gaddy's entire case will be dismissed with prejudice.  In that event, any resources that have been devoted by the Court or the parties to discovery (including, for example, resolution of the parties' disagreements about pre-certification discovery) will have been

---

[1] The Church disagrees that pre-certification discovery would be necessary or appropriate in this case.  Regardless, that issue is more properly addressed after adjudication of the constitutional issue.

wasted.  Conversely, if the Motion to Dismiss is denied, it is no more expensive to adjudicate discovery and scheduling disputes at that time.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Initial Scheduling Conference should be denied and all scheduling and discovery should be stayed pending resolution of the Motion to Dismiss.

DATED:  September 23, 2019.

STOEL RIVES LLP

*/s/ David J. Jordan*
David J. Jordan
Wesley F. Harward

*Attorneys for Defendant Corporation of
the President of The Church of Jesus
Christ of Latter-day Saints*

103673156.2 0056812-00016