Kay Burningham (Utah Bar # 04201)
kay@kayburningham.com
299 South Main Street, St. #1375
Salt Lake City, Utah 8411
Phone: 1.888.234.3706
*Attorney for Laura A. Gaddy and for the Class*

# IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**[The] CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant.* | **PLAINTIFF'S RESPONSE TO DEFENDANT'S SHORT FORM MOTION TO STAY DISCOVERY AND SCHEDULING**<br><br>(DEMAND FOR JURY TRIAL)<br><br>Case: **2:19-cv-00554-RJS-DBP**<br><br>The Honorable Robert J. Shelby<br><br>The Honorable Dustin B. Pead |

The gravamen of Plaintiff Laura Gaddy's Complaint has been mispresented by Defendant COP. It is a patent misrepresentation to claim that Plaintiff has asked the Court to determine the truth or falsity of Mormon religious beliefs. She does not "…ask this Court to determine the 'true

history' of the Church…" Neither does she ask the Court to determine its "fundamental beliefs."  (ECF #17, p.2).

It is axiomatic that religious liberty means freedom to believe in anything. However, in a case involving protected religious speech, the United States Supreme Court made clear that fraud is excepted from that protection: "Nothing we have said is intended even remotely to imply that, under the cloak of religion, persons may, with impunity, commit frauds upon the public." Cantwell v. Connecticut, 310 U. S. 296, 306 (1940).

While Plaintiff's Mormon religious beliefs have been destroyed by her discovery that the key facts upon which Mormonism is based are lies, those historical facts have already been proven and recently admitted by Defendants, though not openly. This is a distinction with a significant difference from Defendant's claim that Plaintiff has asked the court to adjudicate Mormon beliefs, as will be more fully briefed in Plaintiff's Opposition to Defendant's Motion to Dismiss to be filed by October 8, 2019.

Without waiving her arguments with respect to the First Amendment defense raised by Defendant, Plaintiff states as follows with respect to the subject Motion to Stay Discovery and Scheduling. Plaintiff has no objection to a Court-ordered stay of discovery which includes a stay of the default

deadline of November 4, 2019, within which to bring her Motion for Class Certification.

However, in light of Defendant's emphatic opposition to class discovery in the case, Plaintiff respectfully requests that in accordance with Plaintiff's September 17, 2019, Motion for an Initial Scheduling Conference (ECF#14), and likelihood that said objection will be raised again at any subsequent Attorney Planning Meeting, that the Court set an Initial Scheduling Conference to take place after the Court rules on Defendant's 12(b) Motion, and assuming the case is not stayed pending appeal.

Dated: September 24, 2019.                    Kay Burningham, Attorney at Law

/s/ Kay Burningham

*Attorney for Plaintiff Laura A. Gaddy and the Class*