Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street,
Suite #1375
Salt Lake City, Utah 84111
Telephone: 1.888.234.3706

*Attorney for Laura A. Gaddy and the Class*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>[The] **CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S 12(b) MOTION.**<br><br>Hearing: February 13, 2020 1:30 p.m.<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS--DBP**<br><br>Judge: Robert J. Shelby |

Pursuant to District of Utah Local Rule 7-1(b)(4), Plaintiff submits this Notice of Supplemental Authority which has come to the attention of Plaintiff's counsel.

> When pertinent and significant authorities come to the attention of a party after the party's memorandum has been filed, or after oral argument but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the notice must state, without argument, the reasons for the supplemental citations.
>
> Any response must be made, filed promptly, and be similarly limited.

DUCivR 7-1 (b)(4).

1

## TABLE OF SUPPLEMENTAL AUTHORITIES

1. United States v. Meyers, 95 F.3d 1475, 1482 (10th Cir. 1996).

2. United States v. Hardman, 297 F.3d 1116 (10th Cir. 2002).

3. United States v. Quaintance, 608 F.3d 717 (10th Cir. 2010).

4. Archdiocese of Washington v. Washington Metro. Area Transit Auth., 281 F. Supp. 3d 88 (D.D.C. 2017), aff'd, 897 F.3d 314 (D.C. Cir. 2018).

5. United States v. Stimler, 864 F.3d 253 (3d Cir. 2017), reh'g granted, opinion vacated in part sub nom. United States v. Goldstein, 902 F.3d 411 (3d Cir. 2018), and on reh'g sub nom. United States v. Goldstein, 914 F.3d 200 (3d Cir. 2019).

6. Bistline v. Parker, 918 F.3d 849 (10th Cir. 2019).

Plaintiff submits citations to six cases, all of which were decided after the US Congress enacted the "Religious Freedom Restoration Act" in 1993. Four of the six are from the Tenth Circuit Court of Appeals. The remaining two cases have facts which are somewhat analogous to the facts in the case at bar.

Reason for submission: With the exception of Bistline, 918 F.3d 849, none of these cases were located prior to Plaintiff's receipt and in-depth review of Defendant's Reply Brief. Said in-depth review was accomplished 2-3 days prior to filing this Notice.[1]

### CASES 1-3: GOVERNMENTAL INTEREST STANDARD AND SINCERITY OF BELIEF POST RFRA

Plaintiff's Opposition responds to the First Amendment defense raised by Defendant under both the Free Exercise and Establishment clauses (as acknowledged

---

[1] The significance of Bistline as to the RICO issues was not appreciated until in-depth review of the Reply Brief.

in its Reply, ECF #26, p. 1). Plaintiff argued in her Opposition that she does not raise issues of religious belief, but only factual issues. Gaddy, through her counsel, wrote:

> Plaintiff does not raise issues of religious *beliefs*, but only issues of misrepresented *facts*, though in the context of religion. Assuming, *arguendo*, that the Court accepts Defendant's position that the statements at issue are religious beliefs, then COP has a dual burden: to show that the facts alleged necessarily require an adjudication of religious beliefs and, if that requirement is established, that those beliefs are sincerely held. "One seeking an exemption based on faith from a facially neutral, generally applicable statute, regulation, or common law principle must first demonstrate … that the application thereof would substantially burden his or her free exercise of religion… Before a court can determine whether a law or regulation substantially burdens one's free exercise rights, the individual generally must establish by a preponderance of the evidence that the beliefs avowed are not only religious in nature, but also sincerely held." *See, e.g.*, Mosier v. Maynard, 937 F.2d 1521, 1526 (10th Cir. 1991); Tilton v. Marshall, 925 S.W.2d 672, 677–78 (Tex. 1996).

(Opp. ECF #23, p. 14, n. 5). Plaintiff also set forth the proposition that under United States v. Ballard, 322 U.S. 78, 64 S. Ct. 882, 88 L. Ed. 1148 (1944): "[the] truth of [a] belief cannot be questioned; [but that the] sincerity of [that] belief can." (Opp. ECF #23 pps. 16-17).

The following Tenth Circuit Court of Appeals cases generally affirm the holding in Mosier, 937 F.2d 1521, but also expound on the history of the Religious Freedom Restoration Act (RFRA) as amended, in response to Employment Div., Dep't of Human Res. of Oregon v. Smith, 494 U.S. 872, 110 S. Ct. 1595, 108 L. Ed. 2d 876 (1990), including the definition of "religious exercise."[2] As to state and local governmental

---

[2] City of Boerne v. Flores, 521 U.S. 507, 117 S. Ct. 2157, 138 L. Ed. 2d 624 (1997) held the RFRA unconstitutional as applied to the states. Though some states enacted an analogous RFRA, in 2008 Utah passed the Utah Religious Land Use Act which limits claims brought under it to those involving real property. Utah Code Ann. § 63L-5-101 (West).

interests, these cases hold that despite the legislative protections of RFRA, a neutral law of general applicability still need only show a reasonable relation to the government's interest. The cases also address the trial court's role in determining factual or legal issues concerning whether a belief is religious, and if so whether it is sincerely held. Hardman, 297 F.3d 1116, analyzes "substantial burden" and the "least restrictive means" test under federal statutes.

    **1**. United States v. Meyers, 95 F.3d 1475, 1482 (10th Cir. 1996).  In the context of a "Church of Marijuana," this case holds that the right to free exercise of religion does not relieve the individual of the obligation to comply with a valid and neutral law of general applicability on the ground that law proscribes (or prescribes) conduct that his religion prescribes (or proscribes). Even if such a neutral law substantially burdens religious practice, it does not have to be justified by a "compelling government interest." This case includes the appellate court's reference to a list of factors considered by the trial court with regard to whether Meyer's beliefs were 1) religious, and 2) sincerely held.

    **2**. United States v. Hardman, 297 F.3d 1116 (10th Cir. 2002). Here, three consolidated Utah/New Mexico cases concern the applicability of federal government statutes which preclude possession of dead eagle parts and feathers without permit. The appellate court wrote a *sua sponte*, in-depth historical analysis of the history of the RFRA and related case law. This case includes an historic analysis of what constitutes a "compelling interest." After acknowledging that the federal government has a compelling

interest in protecting bald eagles, that the statute would have a substantial burden on the challengers' free exercise of religion, and finally that RFRA requires that any such burden must be "the least restrictive means of furthering [the] compelling governmental interest," which justifies the burden, the court noted that the "least restrictive means" test is a legal, factual or mixed issue and that the issue was not reached in the trial court. The case was remanded for district court determination on the "least restrictive means" issue due to a dearth of factual findings from the trial court. Id. at 1130 (10th Cir. 2002).[3]

**3**. United States v. Quaintance, 608 F.3d 717 (10th Cir. 2010). In another marijuana case, the Tenth Circuit reaffirmed that sincerity of belief must be established *before* the protections of the RFRA can be invoked. Though questioned by the dissent, Justice Neil Gorsuch's majority opinion found no issue with the trial court's 3-day evidentiary hearing. He references the analysis and factors used in the trial court in Meyers, 95 F.3d 1475, to determine whether the beliefs were religious and if so, sincerely held. Id. at 720.

## CASE 4: UNDER RFRA, A SUBSTANTIAL BURDEN ON FREE EXERCISE MUST FIRST BE SHOWN BEFORE THE BURDEN OF PROOF SHIFTS TO THE GOVERNMENT TO DEMONSTRATE THAT THE LAW OR REGULATION IS THE LEAST RESTRICTIVE MEANS OF ACCOMPLISHING ITS COMPELLING INTEREST.

Plaintiff argues that a "A False Statement of Material Fact Offered as an Inducement to Join a Religion is a Recognized Tort, beyond First Amendment

---

[3] Hardman, 297 F.3d 1116, is also illustrative of how a RICO claim should be treated post-RFRA.

Protection" (Opp. ECF #23, p. 10-12), and cites Molko v. Holy Spirit Assn., 46 Cal. 3d 1092, 1092, 762 P.2d 46 (1988), as modified on denial of reh'g (Dec. 1, 1988), with regard to concepts of compelling state interest and whether the law is merely a minimal or marginal burden. (Opp. ECF # 23, p. 11).

Addressing both free speech and religious liberty defenses, the following case analyzes "compelling interest" and what is and is not a "substantial burden" to one's religion. No substantial burden was found as a matter of law where the law or regulation merely restricts one of many methods of spreading the gospel and does not force conduct contrary to a party's religious beliefs.

**4**. Archdiocese of Washington v. Washington Metro. Area Transit Auth., 281 F. Supp. 3d 88 (D.D.C. 2017), aff'd, 897 F.3d 314 (D.C. Cir. 2018).  The First Amendment is implicated when a law or regulation imposes a substantial, as opposed to an inconsequential, burden on the litigant's religious practice. Such a threshold showing must be made in order to sustain a Free Exercise/RFRA claim. Only if that predicate has been established will the onus then shift to the government to show that the law or regulation is the least restrictive means to further a compelling interest.

> A substantial burden exists when government action puts 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.' " …Plaintiff does not cite to any binding Supreme Court or Circuit precedent *115 that would call for the invalidation of a law when plaintiffs are not compelled, under the threat of either punishment or the denial of a benefit, to act…The D.C. Circuit has held that when a restriction merely prohibits one of a multitude of methods of spreading the gospel, and it does not "force[ ] [parties] to engage in conduct that their religion forbids" or prevent "them from engaging in conduct their religion requires," those parties are not "substantially burdened." (Internal citations omitted).

281 F. Supp. 3d 88, 114–15.

6

## CASE 5: EVIDENCE OF RELIGIOUS BELIEF OFFERED IN SUPPORT OF AN AFFIRMATIVE DEFENSE UPHELD AS INADMISSIBLE IN CRIMINAL PROSECUTION.

In her Opposition, Plaintiff argues that "III Historically, Fraud has been excluded from First Amendment Protection." (Opp., ECF, # 23, pps. 12-15).

**5.** United States v. Stimler, 864 F.3d 253 (3d Cir. 2017). In a criminal prosecution for kidnapping, the government need only show elements of crime. Defendants offered evidence of their religious beliefs as an affirmative defense. Trial court denied such evidence under Federal Rules of Evidence §§ 402 & 403; no abuse of discretion found.

## CASE 6: TENTH CIRCUIT RICO CLAIM AGAINST WARREN JEFFS WAS DISMISSED DUE TO INADEQUATE BRIEFING, NOT INHERENT FATALITY OF RICO CAUSE OF ACTION AS RELATES TO A RELIGIOUS LEADER.

Please note: the Hardman analysis under federal law applies to Plaintiff's RICO Claim.

Plaintiff also argues in her Opposition in response to Defendant's claim that religious organizations are somehow exempt from the RICO statute. She writes: "Defendant also cites Religious Tech. Ctr. v. Wollersheim, 796 F.2d 1076 (9th Cir. 1986) (Mtn. pp. 25-26). But Wollersheim was dismissed because the plaintiff failed to allege a pattern, *Id.,* at 366." (Opp., ECF # 23, p. 30).

**6.** Bistline v. Parker, 918 F.3d 849 (10th Cir. 2019) *petition for rehearing or rehearing en banc denied.* Similar to Wollersheim's procedural defect in pleading a pattern, the Court in Bistline, 918 F.3d 849, was presented with a RICO claim against

7

Warren Jeffs and his law firm, based in part on fraud. The RICO claim was not fully briefed and thus was not addressed on appeal.

### RICO Violations

> Plaintiffs did not adequately address this part of the district court's holding in their opening brief. When discussing the district court's alleged mischaracterization of their specific claims regarding participation in a criminal enterprise, for example, plaintiffs stated, "[t]he District Court based its dismissal of Plaintiff-Appellants' TVPRA (and RICO) claims upon the absence of specific facts which are in fact pleaded throughout the Complaint with specificity." Aplt. Br. at 47. Although the brief then specifically argues why the TVPRA claims should survive, plaintiffs never again mention their RICO claim. "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." (Citations omitted: We do so here and decline to address plaintiffs' RICO claims).

Bistline, 918 F.3d at 869.

Wherefore, Plaintiff Laura Gaddy respectfully requests that the Court consider the above-cited case law in conjunction with her brief and her oral argument to be presented next week.

DATED this 5th day of February, 2020.   Kay Burningham, Attorney at Law

/s/   *Kay Burningham*
_____
Kay Burningham

*Attorney for Laura A. Gaddy and the Class*