Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street,
Suite #1375
Salt Lake City, Utah 84111
Telephone: 1.888.234.3706

*Attorney for Laura A. Gaddy and the Class*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>[The] **CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | **AMENDMENT TO PLAINTIFF'S NOTICE OF SUPP. AUTHORITY IN SUPPORT OF OPPOSITION TO DEFENDANT'S 12(b) MOTION.**<br><br>Hearing: February 13, 2020 1:30 p.m.<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS--DBP**<br><br>Judge: Robert J. Shelby |

Pursuant to District of Utah Local Rule 7-1(b)(4), Plaintiff submits an Amendment to her Notice of Supplemental Authority, previously filed on Feb. 6, 2020, with two more cases.

## AMENDMENT TO TABLE OF SUPPLEMENTAL AUTHORITIES

7. United States v. Seeger, 380 U.S. 163, 85 S. Ct. 850, 863, 13 L. Ed. 2d 733 (1965).

8. United States v. Rasheed, 663 F.2d 843 (9th Cir. 1981).

The above additional two cases support Ms. Gaddy's alternative

argument, set forth in her Opposition that should the Court find that the facts

1

alleged in the Complaint as misstatements of material fact are, for purposes of the First Amendment religious expression/free exercise defense, beliefs which cannot be adjudicated, then, as indicated in her Opposition below, allegations that COP's agent/leaders did not sincerely believe those representations, are sufficient to adequately plead her fraud-based causes of action.

> One seeking an exemption based on faith from a facially neutral, generally applicable statute, regulation, or common law principle must first demonstrate … that the application thereof would substantially burden his or her free exercise of religion… Before a court can determine whether a law or regulation substantially burdens one's free exercise rights, the individual generally must establish by a preponderance of the evidence that the beliefs avowed are not only religious in nature, but also sincerely held."
> *See, e.g.*, Mosier v. Maynard, 937 F.2d 1521, 1526 (10th Cir. 1991); Tilton v. Marshall, 925 S.W.2d 672, 677–78 (Tex. 1996).

(Opp. ECF #23, p. 14, n. 5).

Seeger, 380 U.S. 163, makes clear that sincerity of belief can be adjudicated.

Rasheed, 663 F.2d 843, applies that sincerity test in the context of a religious organization's claimed religious belief, finding that the leaders did not sincerely believe in the tenet they preached. It addresses the factual allegations necessary for a claim of mail fraud which is a predicate act under Plaintiff's RICO claim. It also addresses the duty of fair disclosure, once partial or misleading statements are made. (Opp., ECF # 23, pps. 28, 34, and p. 24, respectively).

### CASE 7: IN CONTEXT OF A CONSCIENTIOUS OBJECTOR'S BELIEF IN THE SANCTITY OF HUMAN LIFE, THE SUPREME COURT HELD THAT:

> Local *185 boards and courts in this sense are not free to reject beliefs because they consider them 'incomprehensible.' Their task is to decide whether the beliefs professed by a registrant are sincerely held and whether they are, in his own scheme of things, religious.

Seeger, 380 U.S. at 184–85

**CASE 8: IN CONTEXT OF FEDERAL MAIL FRAUD CHARGE AGAINST THE CHURCH OF HAKEEM, WHERE ITS "DARE TO BE RICH" PROGRAM WAS CLAIMED AS A RELIGIOUS BELIEF, CALIFORNIA CONVICTION WAS UPHELD WHERE THE JURY FOUND ITS LEADERS DID NOT BELIEVE THEIR REPRESENTATIONS THAT FUNDS FROM THEIR INVESTMENT SCHEME CAME FROM INVESTORS' BELIEF IN GOD. NATURE OF CHURCH'S WHOLE TEACHINGS/BELIEFS WERE NOT AT ISSUE.**

The evidence is sufficient that a jury could find beyond a reasonable doubt that Rasheed and Phillips engaged in conduct that they knew was deceitful. They made representations concerning the source of the increase [sic] funds, and concealed the true source of the funds. *849 (concealment of a material fact is fraud within the scope of the mail fraud statute). They both continued to operate the program over a period of time with knowledge of their failure to disclose the true source of the increase [sic] funds. This intentional misrepresentation created valuable undue advantage for them, and thus was a scheme or artifice to defraud within the meaning of the mail fraud statute. If the truth had been revealed, a reasonably prudent person would have known that the "Dare to be Rich" program was essentially a Ponzi scheme… [internal citations omitted].

Rasheed, 663 F.2d at 848–49.

DATED this 10th day of February, 2020.  Kay Burningham, Attorney at Law

/s/   *Kay Burningham*
———————————————
Kay Burningham

*Attorney for Laura A. Gaddy and the Class*