Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street,
Suite #1375
Salt Lake City, Utah 84111
Phone: 1.888.234.370

*Attorney for Laura A. Gaddy and the Class.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | **PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT.**<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS--DBP**<br><br>Presiding Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

  Pursuant to District of Utah Local Rule 7-1(e), Plaintiff requests leave to exceed the word count limit to file an overlength memorandum from 6,500 to 9,000 words in opposition to Defendant's 12(b) Motion to Dismiss her Amended Complaint (ECF#38). The Opposition is due on or before July 14, 2020 (ECF #40).

  Plaintiff's Opposition responds to a complex First Amendment defense raised by Defendant in its motion. Even if its motion is denied, Defendant has indicated that it will seek

interlocutory appeal. The Opposition addresses issues in-depth, at a level adequate to preserve the issues on appeal.

Plaintiff's Opposition analyzes the issues presented by Defendant in its Motion and addresses how those issues raised in the Court's Order granting COP's Motion to Dismiss the original complaint (ECF #33) have been satisfied in the Amended Complaint. Many of these issues are ignored by COP in its moving papers, yet they are inherently contained within the arguments it advances for dismissing the Amended Complaint.

For example, the Church completely ignores new allegations of COP's lack of a sincere religious belief in the conduct that it seeks to protect under the Free Exercise Clause. Sincerity allegations are new in the Amended Complaint. They are considered a threshold element in an individual's challenge to a law which s/he claims burdens his or her sincerely held religious beliefs under the Free Exercise Clause. Does that analysis apply to a religious organization who raises the church autonomy defense? If so, attendant issues of compelling state interest and least restrictive means must be addressed.

The following are issues that Plaintiff must address in response to COP's Motion to Dismiss the Amended Complaint:

1. Whether church autonomy under the First Amendment is a defense analogous to qualified immunity (as suggested by the Court in its Order on Defendant's Motion to Dismiss the Complaint (Order, p. 7). Whether in this context, dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.

2. How newly alleged issues re: sincerity of religious belief alleged in the Amended Complaint factor into a First Amendment defense under the rule that sincerity of religious belief is a threshold issue under the Free Exercise Clause.

3. Determining corporate v. individual sincerity, an issue raised by Judge Shelby in his Order. (Order, p. 16). Lack of sincerity of belief is newly alleged in the Amended Complaint; it was not specifically pleaded in the Original Complaint except as an element of common law fraud.

4. Whether the Church Autonomy Doctrine applies regardless of sincerity issues.

5. The interrelationship of the First Amendment Free Exercise and Establishment clauses as they apply to churches where sincerity is raised.

6. Consent to be governed by an ecclesiastical adjudicature where sincerity is at issue.

7. Material omission fraud as different from common law fraud, *vis a vis* the First Amendment defense. The Court's Order contained an incomplete statement of the law on fraudulent concealment. (ECF #33, p. 12; 19-20). Given the law set forth in *Jensen*, whether a duty of disclosure, opposed to a broader fiduciary duty, applies in this case. [1]

   a. Are material omissions sufficient under predicate acts of mail and wire fraud for a RICO cause of action, regardless of a duty to disclose? (Mtn. p. 19.)

   b. Are material omissions alleged in the Amended Complaint sufficient for the fraud causes of action other than common law fraud? (Mtn. p. 19)[2]

---

[1] Jensen v. IHC Hosps., Inc., 944 P.2d 327, 333 (Utah 1997), on reh'g (Aug. 22, 1997).
[2] An underlying legal principle of the Court's Order and both Motions to Dismiss is that a fraud claim against a church cannot be sustained because it necessarily requires determining the truth or falsity of the statement at issue. However, in the Amended Complaint, in all but Plaintiff's First Cause of Action for common law fraud, allegations of material omissions are made. The

8. Whether the *Utah Charitable Solicitations Act* allows is a private right of action. (Mtn. p. 19.) And, whether Defendant's actions at issue fall within the conduct it regulates.

9. Whether COP's fraudulent statements about the use of the tithing, newly alleged in the Amendment Complaint, are protected under claims of church autonomy. (Mtn. p. 17.)

10. Whether COP's alleged concealment of the fact of Joseph Smith's widespread practice of polygamy falls outside conduct "rooted in religious belief." (Mtn. p.14.)

11. Whether the Amended Complaint complies with the heightened pleading standard of plausibility under *Twombly* and *Ashcroft*. (Mtn. p.11.)[3]

12. How *Yoder's* "rooted in religious belief," catch phrase relates to Smith's holding that the right of free exercise does not relieve one of the obligation to comply with a neutral law of general applicability.[4] How these standards apply to a church in light of the Amended Complaint's allegations of material omissions and sincerity. (Specifically, unaddressed in Motion, but the *Yoder* phrase is used multiple times. Mtn. *passim.*)

13. Whether issues of a compelling state interest and least restrictive means are relevant to COP's autonomy defense.  This is an issue subsumed in the Church's Motion where its language is limited to autonomy with no discussion of Free Exercise jurisprudence even

---

Court mistakenly omitted the complete holding in McDougal v. Weed, 945 P.2d 175 (Utah Ct. App. 1997) citing Jensen, re: fraudulent concealment which applies to both whether the conduct is fraud and whether there is a duty to disclose (Order p. 12).

[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

[4] Wisconsin v. Yoder, 406 U.S. 205, 92 S. Ct. 1526, 32 L. Ed. 2d 15 (1972); Employment Div., Dep't of Human Res. of Oregon v. Smith, 494 U.S. 872, 110 S. Ct. 1595, 108 L. Ed. 2d 876 (1990)

though its defense is admittedly based on both Establishment and Free Exercise clauses.(Both clauses acknowledged by the Court in its Order at p. 1.)

Due to the foregoing, Plaintiff estimates that she will need no more than 9,000 words, including footnotes, in order to adequately address the issues sufficient to preserve those issues on appeal. Accordingly, Plaintiff requests leave to file an Opposition Memorandum that does not exceed 9,000 words, as verified by *MS Word*, including footnotes. Defense counsel will not stipulate. See copy of email thread attached herewith.

A proposed order is attached hereto and will be emailed to Magistrate Judge Pead.

DATED: July 6, 2020.            Kay Burningham, Attorney at Law

/s/_____
Kay Burningham
kay@kayburningham.com
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111

Telephone: (888) 234-3706

*Attorney for Laura A. Gaddy and the Class*