David J. Jordan (1751)
david.jordan@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131

*Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>Defendant. | **OPPOSITION TO MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM**<br><br>Case No. 2:19-cv-00554-RJS<br><br>The Honorable Robert J. Shelby<br>The Honorable Dustin B. Pead |

Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church") submits this Opposition to Plaintiff's Motion for Leave to File Overlength Memorandum. (Docket 41).

This Court dismissed Ms. Gaddy's original complaint in its Memorandum Decision and Order Granting Defendant's Motion to Dismiss (the "Order").

107269445.1 0056812-00016

(Docket 33). The Court held that "the First Amendment . . . bars claims when they would require a court to consider the truth or falsity of a church's religious doctrine." *Id.* at 20. Ms. Gaddy subsequently filed an amended complaint largely rehashing her same allegations about the falsity of the Church's doctrine and teachings.

The Church again moved to dismiss the amended complaint. That motion is based on the same grounds as the Church's motion to dismiss the original complaint. Again, the Church asserts a single defense—the First Amendment. The Church's new motion is simple and consists of only 3,651 words (nearly three thousand words less than the limit). It cites only three new authorities not previously referenced—the Court's Order, one statute and one case. And the new statute and case are cited only by way of footnotes. Fundamentally, the Church argues that the amended complaint suffers the same defects as the original and would require the Court to again consider the truth or falsity of the Church's doctrine.

Ms. Gaddy's has not shown good cause for her request for more than the standard 6,500 words to respond to the Church's abbreviated motion. She lists 13 "issues" she wishes to address. But many of those are really the same issue—her argument about whether allegations about sincerity render her claims cognizable.

2

She concedes that some of the listed "issues" are not even raised in the Church's motion (issues 12 and 13).  And other "issues" are disagreements with the Court's Order (issues 1, 3, and 7).  Ms. Gaddy has not and cannot make the required showing of "good cause" and "exceptional circumstances that justify the need for an extension of the specified page or word count limitations."  DUCivR 7-1(e).

In short, there is no reason why Ms. Gaddy requires 9,000 words to address a 3,651-word motion raising a single argument that this Court has already addressed in a memorandum decision in this case.  Accordingly, Ms. Gaddy's request should be denied.

DATED:  July 8, 2020.

        STOEL RIVES LLP

        */s/ David J. Jordan*
        David J. Jordan
        Wesley F. Harward

        *Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

107269445.1 0056812-00016