Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Telephone: 1.888.234.3706

*Attorney for Laura A. Gaddy and the Class*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF [AMENDED] OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT<br><br>(Request for Oral Argument)<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS-DBP**<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to District of Utah Local Rule 7-1(b)(4), Plaintiff submits this Notice of Supplemental Authority which has come to the attention of Plaintiff's counsel.

> When pertinent and significant authorities come to the attention of a party after the party's memorandum has been filed, or after oral argument but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the notice must state, without argument, the reasons for the supplemental citations.
>
> Any response must be made, filed promptly, and be similarly limited.

DUCivR 7-1 (b)(4).

1

Plaintiff submits citations to one case and two opinions: the lower court opinion and the Tenth Circuit Court of Appeals modifying on grounds not relevant to the case at bar, yet affirming that opinion, in support of her argument made on pages 9-10 of "[Amended] Opposition to Motion to Dismiss Amended Complaint," (ECF #47 filed July 21, 2020). that a Claim of Religious Belief is no Defense to Reprehensible Conduct, citing Reynolds v. United States, 98 U.S. 145, 166, 25 L. Ed. 244 (1878).

Reason for submission: In reviewing her Opposition late yesterday, Plaintiff's counsel realized that she had cut references to these opinions to reduce her overlength memorandum since she had not yet received permission from the Court to file it. Thereafter, when reformatting to replace the language cut, she inadvertently omitted the original references to the opinions.

> The term "religion" is being given ever increasingly broad scope since the formulation of this definition in *Davis v. Beason,* 133 U.S. 333, 10 S.Ct. 299, 33 L.Ed. 637 (1890): The term "religion" has reverence to one's views of his relations to his Creator, and to the obligations they impose of reference for his being and character, and of obedience to his will. It is often confounded with the *cultus* or form of worship of a particular sect but is distinguishable from the latter…… "[T]o maintain an organized society that guarantees religious freedom to a great variety of faiths requires that some religious practices yield to the common good." United States v. Lee, 455 U.S. 252, 259, 102 S. Ct. 1051, 1056, 71 L. Ed. 2d 12 7 (1982)…

Potter v. Murray City, 585 F. Supp. 1126, 1139–40 (D. Utah 1984), aff'd as modified, 760 F.2d 1065 (10th Cir. 1985).

> Moreover, Reynolds has been cited with approval since Yoder. E.g., Bob Jones University v. United States, 461 U.S. 574, 603, 103 S.Ct. 2017, 2034–35, 76 L.Ed.2d 157 (1983); Lee, 455 U.S. at 257; see also United States v. Dickens, 695 F.2d 765, 772 (3d Cir. 1982) and 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983); United States v. Carroll, 567 F.2d 955, 957 (10th Cir. 1977)).7

Potter, 760 F.2d at 1069–70

Both opinions, the trial court decision, and the Tenth Circuit affirmation of the trial court decision. as modified, apply to arguments set forth in Plaintiff's [Amended] Opposition to Motion to Dismiss Amended Complaint (ECF #47 filed July 21, 2020), pps. 9-10.

DATED this 14th day of August 2020        Kay Burningham, Attorney at Law

/s/   *Kay Burningham*
_____
  Kay Burningham

*Attorney for Laura A. Gaddy and the Class*