Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111

Phone: 1.888.234.3706

*Attorney for Laura A. Gaddy and the Class.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | **EX PARTE MOTION/REQUEST FOR ORAL ARGUMENT ON MOTION TO DISMISS AMENDED COMPLAINT**<br><br>(Request for Oral Argument on underlying Motion to Dismiss)<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS--DBP**<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This Ex Parte Motion is filed concurrently with a Request to Submit for Decision the Motion to Dismiss the Amended Complaint. Plaintiff respectfully argues that she satisfies the requirement for oral argument on the Motion to Dismiss the Amended Complaint.

1. <u>Procedural Background</u>

Plaintiff requested Oral Argument in her [Amended] Opposition (ECF #47). In neither its Motion (ECF#38), nor its Reply (ECF#52), did Defendant request oral argument.

## 2. Former Federal Rule Fed. R. Civ. P. 7(e) Provided an Express Standard for Oral Argument on 12(b) Motions.

If a motion is dispositive, former 'Fed. R. Civ. P. 7(e) required the Court to grant a request for hearing unless the motion is frivolous, or the issue had been authoritatively decided. "*The Court shall grant a request for a hearing on a motion under Rule 56 or a motion that would dispose of the action or any claim or defense in the action unless the court finds that the motion is frivolous or the issue has been authoritatively decided*." [Emphasis added.] Wayman v. City of Saratoga Springs, No. 2:11-CV-00969, 2011 WL 6935129, at *1, n.4 (D. Utah Dec. 12, 2011), report and recommendation adopted, No. 2:11-CV-969, 2011 WL 6936343 (D. Utah Dec. 30, 2011)[1]

Fed. R. Civ. P. 7(e) was apparently removed sometime between the date of the above decision and the current version of the rules. Now, a local rule appears to be the current standard, one of "good cause."

**(f) Oral Arguments on Motions.**

> The court on its own initiative may set any motion for oral argument or hearing. Otherwise, requests for oral arguments on motions will be granted on good cause shown. If oral argument is to be heard, the motion will be promptly set for hearing. Otherwise, motions are to be submitted to and will be determined by the court on the basis of the written memoranda of the parties.

UT R USDCT CIV DUCivR 7-1, D.Ut. DUCivR 7-1

Although Plaintiff has located no law defining "good cause" in this context, it is respectfully argued that where issues raised by the factual allegations and claims in the Amended

---

[1] Current Federal Rules of Civil Procedure do not have the subpart (e) listed as set forth in this case.

Complaint have not been "authoritatively decided" (the prior Fed. R. Civ. P. 7(e) standard), that situation satisfies "good cause" under the local rule.

        3.     <u>The Issues Raised by Amended Complaint Claims, though Avoided Altogether, Misrepresented as to the Law, or Conflated with other Issues in COP's Motion and/or Reply, have not been Authoritatively Decided by the Court's Prior Order.</u>

Defendant's Motion to Dismiss the Amended Complaint omits any reference to the sincerity facts alleged in the Amended Complaint, as establishing a threshold defense for the application of the First Amendment.[2] It misrepresents the law with regard to the new cause of action pleaded, that of violation of the *Utah Charitable Solicitations Act.*[3] It also ignores Plaintiff's argument that the Court's prior Order (ECF #33), included an incomplete statement of the law with re: material omissions as sufficient for a claim of fraudulent concealment.[4] Additionally, it ignores the fact that either concealment or material omissions, if part of a scheme, and regardless of the existence of a fiduciary duty, constitute fraud under RICO.[5]

Furthermore, neither Defendant's Motion, nor its Reply address the important issue of "consent," that was not obtained where inducement to join or remain in the LDS Church was obtained through the fraud of preaching correlated material religious facts that COP did not sincerely believe at the time it preached them, and/or concealing and omitting those facts, which issue was argued throughout the [Amended] Opposition,[6] and also raised in the Opposition to the

---

[2] In reply, COP conflates sincerity into the Court's Order re: the truth/falsity of religious beliefs/facts. (ECF #52, Reply, pp. 10-11). [*Note: page references are to ECF nos. at top of page, not to the author's page nos. at bottom.*]
[3] Plaintiff cited U.C.A. § 13-22-4(2), the code section authorizing a private right of action, rebutting COP's claim that only the attorney general can bring a claim. (ECF #47, Opp. p. 31). No reference to that issue in the Reply.
[4] No mention of the Court's error citing an incomplete quotation of applicable law (ECF #33, Order, p. 12, n.73) and the effect on Plaintiff's claim for fraudulent concealment based on material omissions. (ECF #47, Opp. pp. 28-30.)
[5] No mention at all of binding law that under RICO there is no requirement of a fiduciary duty before concealment and even omissions of material fact, if part of a scheme, constitute fraud. (ECF #47, Opp. p. 32.)
[6] The consent issue is key and is argued throughout the [Amended] Opposition. (ECF #47, Opp. p. 10 and *passim.*)

Motion to Dismiss the original complaint.[7] The "consent" issue was not addressed in the Court's prior Order (ECF#33). It is completely ignored in this round of defense pleadings and was also ignored in the Reply (ECF #26) to Plaintiff's Opposition to Motion to Dismiss the [Original] Complaint.

However, Plaintiff's burden to defeat a 12(b)(6) motion is whether the complaint alleges a plausible claim for relief. The Amended Complaint has done just that in a number of ways.

The Court is respectfully requested to take judicial notice of the absence of discussion re: the "consent" issue in its prior Order (ECF #33), and the absence of any rebuttal to the "consent" issue arguments raised by Plaintiff in Opposition briefs to both motions to dismiss.

The Court is further requested to take notice of the absence in all defense pleadings related to both motions to dismiss of any rebuttal to Plaintiff's argument regarding material omissions as not requiring adjudication of the truth or falsity of a statement as it relates to a claim of fraudulent concealment and fraud under RICO. And, to note the absence of rebuttal to Plaintiff's argument that RICO does not require a fiduciary duty in order for defendant to commit fraud through a scheme of concealment or even omission of material facts.

Finally, the Court is requested to note the lack of rebuttal to Plaintiff's argument that the there is a private right of action under the *Utah Charitable Solicitations Act.*

WHEREFORE, Plaintiff respectfully requests that the Court schedule the matter for Oral Argument when convenient.                                  Respectfully,

Dated: August 24, 2020                                  Kay Burningham, Attorney at Law

                                                        __/s/ *Kay Burningham*___

                                                        Attorney for Laura A. Gaddy and the Class

---

[7] (ECF #23, Opposition to Defendant's Fed. R. Civ. P. 12(b) Motion, pp. 19-22.)