Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Telephone: 1.888.234.3706

*Attorney for Laura A. Gaddy and the Class*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | **MOTION FOR LEAVE TO SUPPLEMENT AMENDED COMPLAINT WITH AN ADDITIONAL EXHIBIT**<br><br>**(**Request for Oral Argument)<br><br>(DEMAND FOR JURY TRIAL)<br><br>*Oral Argument on Motion to Dismiss Currently Set for: Dec. 10, 2020*<br><br>**2:19-cv-00554-RJS—DBP**<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

**MOTION TO SUPPLEMENT AMENDED COMPLAINT WITH AN EXHIBIT.**

Pursuant to Fed. R. Civ. P.15(d), Plaintiff moves to append an additional exhibit to her Amended Complaint. The content of [proposed] Exhibit 15 is one that was discovered only after she filed her [Amended] Opposition to the Motion to Dismiss the Amended Complaint on July 21, 2020. (ECF #47).

Furthermore, the issue only first appeared in an interview on July 31, or August 1, 2020 with University of Chicago Egyptologist, Robert K. Ritner, and thereafter in online discussions about the *Book of Abraham* on August 14, 2020, and later. Plaintiff's counsel was personally notified on November 1, 2020 about the interview and subsequently conducted additional research on the matter.

### 1. Procedural Background

In a draft of this motion, undersigned counsel requested the Court order that Defendant respond within 14 days of filing this Motion and any written Reply be filed and served within 5 days thereafter so that any argument could be heard on December 10, 2020 at 2:30 in conjunction with and at the beginning of the oral argument currently scheduled for Defendant's Motion to Dismiss the Amended Complaint.

However, on the morning of the day that Plaintiff planned to finalize and file this Motion for Leave to Supplement, the undersigned received a copy of an email to the scheduling clerk from defense counsel, requesting a continuance from the previously scheduled December 10th hearing.[1]

### 2. Gist of the Motion

This Motion seeks leave to file an Exhibit 15 which sets forth pictorial representations of the metal or lead printing plate (not woodcut, as the method has been previously described by Defendant in correlated materials), that has recently been admitted as the one used for Facsimile no. 3 in the *Book of Abraham*, and, more importantly, a blow up of figure 6 from the metal plate as well as an admission of

---

[1] See copy of email from Wesley Howard filed herewith.

"deaccessioning" the plate from the Church History Museum for an "unknown" period of time.[2] See [proposed] Exhibit no. 15 filed herewith.

Plaintiff seeks leave to add [proposed] Exhibit No.15 and the following language to be inserted at the end of paragraph 50 in the Amended Complaint:

> *COP deaccessioned (removed from the church history museum's index of materials) the lead plate used to print facsimile no. 3 for an unknown period. That act hid from the museum's index the fact that they had the printing plate for facsimile no. 3 in their custody and control and, a fortioiri, that figure 6 on the plate, which Egyptologists have long interpreted to be the jackal-headed god Anubis, appears to have its snout carved off. Egyptologists agree that the text adjacent to figure 6 indicate that figure 6 is Anubis, the jackal-headed god of the underworld. COP now admits in their Book of Abraham essay that the figures in [all] the facsimiles are not Abraham and are not what Smith claimed them to be.*

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### 1. Introduction

The gravamen of the Amended Complaint alleges that Defendant COP did not sincerely believe what it taught with re: the origins of its scriptures, including the *Book of Mormon* and the *Book of Abraham.* Sincerity of religious belief is a question of fact. The contents of proposed Exhibit 15 seriously undermine Defendant's claim to a sincere belief in what they have taught and continue to teach with re: the *Book of Abraham*. If that belief is not sincere, First Amendment religious liberty defenses are not available to Defendant and this case should be tried like any other fraud case.

---

[2] Deaccessioning is the technical term referring to the expulsion of objects from museum collections [or from its index]. https://www.oxfordbibliographies.com/view/document/obo-9780199766567/obo-9780199766567-0246.xml

## 2. Under Rule 15(d), the Court has discretion to allow an exhibit to be filed, supplementing a previously filed pleading, "when justice so requires."

Federal Rule 15(d) allows a supplemental pleading based on an occurrence that happened after the filing of the pleading sought to be supplemented.

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. *The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.* [Emphasis added.]

Fed.R.Civ.P. 15(d).

## 3. Recently discovered marks on the printing plate used for *Book of Abraham* Facsimile no. 3 demonstrate COP's intentional deceit and cover-up, revealing its lack of "sincere religious belief" in what it has taught with regard to this book of scripture and correlated materials.

Just over one week ago, on or about November 1, 2020, the undersigned learned about an interview with Dr. Robert Ritner, Chicago Egyptologist, on the *Book of Abraham*.[3] The interview took place July 31, or August 1, 2020.[4] The undersigned listened and followed up with research re: comments he made on the slave/Anubis figure (figure no. 6 in facsimile number three). I discovered a social media thread (original post was dated August 14, 2020) describing a lead or metal printing plate that had been in the church's custody and control since the plate's creation in 1842.

---

[3] Please see Declaration of Kay Burningham filed in support of this Motion and the exhibits referenced therein.
[4] https://www.mormonstories.org/podcast/robert-ritner/

Historically, up through even a 2018 *Book of Abraham* instruction manual, the plate had been described as a woodcut. At Joseph Smith's direction, this plate was used to print Facsimile number 3 in the *Book of Abraham*.

> On 23 February 1842, the Prophet Joseph Smith asked Reuben Hedlock, a professional wood engraver and member of the Church, to prepare woodcuts of three of those drawings so they could be printed. Hedlock finished the engravings in one week, and Joseph Smith published the copies (facsimiles) along with the book of Abraham. Joseph Smith's explanations of the drawings accompany the facsimiles" (The Pearl of Great Price Student Manual [Church Educational System manual. 9).[5]

In the post, an ostensible former LDS *Book of Abraham* apologist, Paul Osborne, has taken the plate, first published in the hard bound Volume 4 of the *Joseph Smith Papers* on October 30, 2018 [6] and blown up figure 6 to reveal what appears to be the scraping off of the metal at a location where Anubis' snout would have been.[7] Additionally, he pointed out that it appears that Anubis' ear had not been removed (the ear is in profile; it appears as a pointed object protruding from the top of figure 6's head) from the printing plate before it was used to create Facsimile no. 3.

4.  **Though discretionary, leave to supplement under Fed. R. Civ. P. 15(d) where the event occurs after the pleading desired to be supplemented has been filed should be granted freely. Refusing leave to supplement is only justified in limited cases, none of which apply here.**

> Fed. R. Civ. P. 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences[,]

---

[5] https://www.churchofjesuschrist.org/study/manual/old-testament-seminary-teacher-material-2018/abraham?lang=eng

[6] Vol. 4 of the Joseph Smith Papers (JSP) sells for $89.99 at Deseret Book and Amazon.

[7] See [proposed] Exhibit no. 15 filed herewith.

or events."
Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001).*4 "As a general matter, the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." Fowler v. Hodge, 94 F. App'x 710, 714 (10th Cir. 2004) (quotations and citation omitted). Under that standard, which is contained in Fed. R. Civ. P. 15(a)(2), see Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave" to amend pleadings "when justice so requires." Id.; see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

Catlin v. Salt Lake City Sch. Dist., No. 2:08-CV-00362-CW-PMW, 2014 WL 4662466, at *3–4 (D. Utah Sept. 18, 2014)

## 5.  CONCLUSION

Although the metal plate was published in Volume 4 of the *Joseph Smith Papers* in late 2018, the blow up of figure 6 from that metal plate and analysis of the same by a former LDS *Book of Abraham* apologist, Paul Osborne, was not discussed until the interview on July 31 or August 1, 2020 and thereafter in social media posts in former Mormon chat rooms and websites.

It did not come to Plaintiff's counsel's attention until November 1, 2020 and thereafter. Unless someone was looking for it, the scrape marks where the snout of Anubis was apparently removed are not readily apparent in the pictorial representation of the plate published either in the Volume 4 of the JSP or online. Furthermore, the cost of the hardbound volume was prohibitive for most average LDS members and the online version of the printing plate does not include the chain of custody admission that the plate was deaccessioned from the Church History museum.

Wherefore, Plaintiff requests that the Court order any response to this Motion by Defendant be filed within 14 days, Reply, if any, within 5 days thereafter, and that a brief oral argument on this motion be allowed on the actual date that oral argument is continued from December 10, 2020, prior to hearing argument on Defendant's underlying Motion to Dismiss the Amended Complaint.

Respectfully submitted,

DATED this 10th day of November 2020.    Kay Burningham, Attorney at Law

*/s/   Kay Burningham*
_____
Kay Burningham

*Attorney for Laura A. Gaddy and the Class*