David J. Jordan (1751)
david.jordan@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:  801.328.3131

*Attorneys for Defendant Corporation of the*
  *President of The Church of Jesus Christ of*
  *Latter-day Saints*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>　　　　　Defendant. | **RESPONSE TO PLAINTIFF'S "MOTION FOR LEAVE TO SUPPLEMENT AMENDED COMPLAINT WITH AN ADDITIONAL EXHIBIT"**<br><br>Case No. 2:19-cv-00554-RJS<br><br>The Honorable Robert J. Shelby<br>The Honorable Dustin B. Pead |

Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church") submits this Response to Plaintiff's "Motion for Leave to Supplement Amended Complaint with An Additional Exhibit" (Docket 57).

The Church is concerned about a pattern that is emerging in many of Ms. Gaddy's filings—the unauthorized advancing of additional arguments related to the Church's Motion to Dismiss.

This Court's local rules are clear.  A moving party is entitled to file a motion and memorandum in support.  The opposing party files a response.  And the moving party files a reply.  After a reply, "[n]o additional memoranda will be considered without leave of court."  DUCivR 7-1(b).  Several of Ms. Gaddy's filings violate this rule.

*Docket 29 - "Plaintiff's Notice of Supplemental Authority in Support of Her Opposition to Defendant's 12(b) Motion."* This 8-page filing contained several pages of additional argument in violation of the Court's local rule that a notice of supplemental authority must be filed "without argument."  DUCivR 7-1(b)(4).

*Docket 30 – "Amendment to Plaintiff's Notice of Supp. Authority in Support of Opposition to Defendant's 12(b) Motion."*  This was filed four days after Ms. Gaddy's original notice of supplemental authority and, once again, contained argument in violation of the Court's rules.

*Docket 53 – "Ex Parte Motion/Request for Oral Argument on Motion to Dismiss Amended Complaint."*  Although styled as a request for oral argument, this filing contained several pages of argument about the Church's Motion to

Dismiss Amended Complaint.  Docket 53 at 2-4.  It also contained several requests that the Court take "judicial notice" regarding arguments raised in the briefing for the Motion to Dismiss Amended Complaint.  *Id.*  The Church raised its concern about the inappropriate argument in its response.  Docket 55.

And, just days after filing the instant motion, Ms. Gaddy filed a "Motion Requested Judicial Notice be Taken" (Docket 59).  This motion,[1] yet again, advances argument related to the Church's Motion to Dismiss the Amended Complaint.

The Church does not oppose the "supplementation" of Ms. Gaddy's Amended Complaint as requested—provided, however, that Ms. Gaddy does not attempt to use this "supplemental exhibit" as an excuse to file yet more briefing on the Church's Motion to Dismiss Amended Complaint or to argue that the Church's Motion should be refiled.  Ms. Gaddy's supplemental exhibit has no bearing on the Church's Motion to Dismiss Amended Complaint.  It does not cure the constitutional defects with Ms. Gaddy's claims.  Thus, no additional briefing is required.

---

[1] The Church will respond to this motion in due course per the Court's local rules.

DATED:  November 23, 2020.

STOEL RIVES LLP


*/s/ David J. Jordan*
David J. Jordan
Wesley F. Harward

*Attorneys for Defendant Corporation of*
*the President of The Church of Jesus*
*Christ of Latter-day Saints*

4