David J. Jordan (1751)
david.jordan@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:  801.328.3131

*Attorneys for Defendant Corporation of the
   President of The Church of Jesus Christ of
   Latter-day Saints*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, individually and on behalf of all others similarly situated, | **RESPONSE TO PLAINTIFF'S "MOTION REQUESTING JUDICIAL NOTICE BE TAKEN"** |
| Plaintiffs, | |
| v. | Case No. 2:19-cv-00554-RJS |
| CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, | The Honorable Robert J. Shelby The Honorable Dustin B. Pead |
| Defendant. | |

Defendant Corporation of the President of The Church of Jesus Christ of

Latter-day Saints (the "Church") submits this Response to Plaintiff's "Motion

Requesting Judicial Notice Be Taken" (the "Motion") (Docket 59).

Plaintiff Laura Gaddy moves the court to take judicial notice of three

"adjudicative facts":

1.     "On August 4, 2015, Defendant published a 'never before seen' photo of an opaque brown stone, which it claimed was used by Joseph Smith to translate the Book of Mormon";

2.     "Eyewitnesses claimed that when Smith used the stone, he placed it in a hat to exclude exterior light"; and,

3.     "The brown stone has been in Defendant's custody since the Mormon pioneers crossed the plains in the mid-19th Century."

Motion at 2.  None of these assertions meet the standard for judicial notice.  Nor would it be appropriate for the Court to take judicial notice of these assertions—which are related to the Church's religious teachings and beliefs—while the Church's motion to dismiss is pending.  The Court should therefore deny the Motion.

**ARGUMENT**

## I.  Ms. Gaddy's "Facts" Are Not Appropriate for Judicial Notice Because They Implicate Church Teachings and Beliefs

As an initial matter, one of the Church's fundamental teachings is that Joseph Smith translated the Book of Mormon through divine inspiration.  The Supreme Court has "[r]epeatedly and in many different contexts" "warned that courts must not presume to determine . . . the plausibility of a religious claim" or

2

"the validity of particular litigants' interpretations" of their religious beliefs. *Emp't Div. v. Smith*, 494 U.S. 872, 887 (1990) (citations omitted). "When the triers of fact undertake" the task of determining the truth or falsity of religious doctrines, "they enter a forbidden domain." *United States v. Ballard*, 322 U.S. 78, 87 (1944). Ms. Gaddy argues in the Motion that, if the Church knows and accepts that Joseph Smith used a seer stone while dictating the Book of Mormon, the Church could not and must not believe that Joseph Smith translated the Book of Mormon from gold plates. See Motion at 4–5. This argument directly challenges the truth of the Church's teachings, doctrine, and beliefs, and the Court should not consider it.[1]

---

[1] Beyond its impropriety as an intrusion on a matter of religious belief, Ms. Gaddy's argument is a non-sequitur. How Ms. Gaddy or her lawyer presume to know that, under divine inspiration, the translation process could not involve both the use of a seer stone and an ancient record engraved on golden plates is a mystery. From the beginning, Joseph Smith declared that he translated the Book of Mormon "by the gift and power of God." As so described, the translation process did not require academic expertise in the ancient language of the source text. The Church maintains that the translation was a revelatory process. The efforts of Ms. Gaddy and her lawyer to subject the Book of Mormon to their view of how divinely-inspired translation must work are unavailing.

108823140.2 0056812-00016

## II.  The Proposed "Facts" Do Not Meet the Standard for Judicial Notice

Even if the Court were to consider Ms. Gaddy's argument, it should deny the

Motion.  Judicial notice is proper only for facts that are "not subject to reasonable

dispute" or that are "beyond debate, for instance, what time the sun sets on a given

day."  Fed. R. Evid. 201; *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th

Cir. 2016).  The Court must be able to determine the facts "accurately and readily,"

and, for this Motion, "from sources whose accuracy cannot reasonably be

questioned."  Fed. R. Evid. 201.  For a request to take judicial notice at the motion

to dismiss stage, documents "may only be considered to show their contents, not to

prove the truth of matters asserted therein."  *Tal v. Hogan*, 453 F.3d 1244, 1264

n.24 (10th Cir. 2006) (quoting *Oxford Asset Mgmt., Ltd v. Jaharis*, 297 F.3d 1182,

1188 (11th Cir. 2002)).

First, since it is a matter of religious faith, the Church acknowledges that the

process by which Joseph Smith translated the Book of Mormon cannot be said to

be beyond debate.  In fact, it has been the subject of continuing dispute,

particularly by critics of the Church, for almost 200 years. For that reason, none of

the "facts" can be ultimately determined from secular sources whose "accuracy

cannot reasonably be questioned."  Although courts have taken judicial notice of

public records available on the Internet, "many courts are reluctant to take judicial

4

notice of other kinds of facts found on the Internet"—particularly if a party to the case maintains the cited websites. *See, e.g., Stewart v. Stoller*, No. 2:07-cv-552-DB-EJF, 2014 U.S. Dist. LEXIS 39516, at *3-4 (D. Utah Mar. 25, 2014); *Koenig v. USA Hockey, Inc.*, No. 2:09-cv-1097, 2010 U.S. Dist. LEXIS 122809, at *8 (S.D. Ohio June 14, 2010). Ms. Gaddy relies on websites maintained by the Church—but Ms. Gaddy herself challenges the accuracy of statements from those same websites (for example, that Joseph Smith translated the Book of Mormon. *See* Motion, Ex. 3 at 4.).

To prove the second "fact," Ms. Gaddy directs the Court to a list of ten citations—including primary sources published in the 1800s—in a footnote from a Church-maintained website. See Motion at 2. Unlike public records or other typical subjects of judicial notice, the Church must acknowledge that century-old personal accounts can be and often are subject to debate. Thus, the Court cannot determine these "facts" as a matter of judicial notice.[2]

---

[2] Ms. Gaddy also asks the Court to notice that "it was approximately 5 years ago that Defendant first admitted that a brown stone was used in the creation of *the Book of Mormon*." Motion at 4. This simply is not true. *See, e.g., A Peaceful Heart*, Friend (Sept. 1974), https://www.churchofjesuschrist.org/study/friend/1974/09/a-peaceful-heart?lang=eng (describing, in a Church-published magazine for children, how "Joseph also used an egg-shaped, brown rock for translating").

Finally, the third "fact" asserts that the stone has been "in Defendant's custody since the Mormon pioneers crossed the plains in the mid-19[th] century." The newsroom report states that the stone was passed from Joseph Smith to Oliver Cowdery, to Elizabeth Whitmer Cowdery, to Phineas Young, to Brigham Young, to Zina D.H. Young, then to the Church. *Id.* The date when the Church received the stone is not stated. Whether accurate or not, Ms. Gaddy's cited source does not support her assertion that the Church has had custody of the stone "since the Mormon pioneers crossed the plains in the mid-19[th] century."[3]

## CONCLUSION

None of the "facts" are appropriate for judicial notice. The Court should therefore deny the Motion.

---

[3] Additionally, the Court should not take judicial notice of the second and third "facts" because Ms. Gaddy asks the Court to take judicial notice of documents "to prove the truth of matters asserted therein." As a matter of hearsay law, Ms. Gaddy may not rely on her cited documents to prove the truth of those facts.

6

DATED:  December 1, 2020.

STOEL RIVES LLP


*/s/ David J. Jordan*
David J. Jordan
Wesley F. Harward

*Attorneys for Defendant Corporation of the
President of The Church of Jesus Christ
of Latter-day Saints*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December 2020, a true and correct copy of the

foregoing **RESPONSE TO PLAINTIFF'S "MOTION REQUESTING**

**JUDICIAL NOTICE BE TAKEN"** was served via U.S. District Court CM/ECF

electronic notification on the following:

> Kay Burningham
> KAY BURNINGHAM ATTORNEY AT LAW
> 299 S MAIN ST STE 1375
> SALT LAKE CITY, UT 84111
> Email: kay@kayburningham.com

/s/ *Ann-Marie Liddell*

8