**10TH CIRCUIT MAIL AND WIRE FRAUD JURY INSTRUCTIONS**

https://www.ca10.uscourts.gov/sites/default/files/clerk/Jury%20Instructions%20Update%202018.pdf

2.56

**MAIL FRAUD 18 U.S.C. § 1341**

The defendant is charged in count _ with a violation of 18 U.S.C. section 1341.

This law makes it a crime to use the mails in carrying out a scheme to defraud [A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of scheme to defraud.]

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant devised or intended to devise a scheme to defraud, as alleged in the indictment [or describe the scheme alleged in the indictment];

*Second*: the defendant acted with specific intent to defraud;

*Third*: the defendant mailed something [caused another person to mail something] through the United States Postal Service [a private or commercial interstate carrier] for the purpose of carrying out the scheme;

*Fourth*: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

[*Fifth*: the scheme was in connection with the conduct of telemarketing.]

or

[*Fifth*: the scheme was in connection with the conduct of telemarketing and

(a) victimized ten or more persons over the age of 55, or

(b) targeted persons over the age of 55.] or

179

[*Fifth*: the scheme was related to a presidentially declared major disaster or emergency.]

or

[*Fifth*: the scheme affected a financial institution.]

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money, property, or the intangible right of honest services.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proved beyond a reasonable doubt is that the defendant devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.

Comment

On the elements of a § 1341 offense, see *generally United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001); *United States v. Deters*, 184 F.3d 1253, 1258 (10th Cir. 1999). Both the United States Supreme Court and the Tenth Circuit have interpreted 18 U.S.C. § 1341 to establish a single offense. *Cleveland v. United States*, 531 U.S. 12, 26 (2000); *United States v. Kalu*, 791 F.3d 1194, 1203 (10th Cir. 2015); *see also United States v. Zar*, 790 F.3d 1036, 1050 (10th Cir. 2015) (applying *Cleveland*'s interpretation of § 1341 to the wire

2.57

WIRE FRAUD 18 U.S.C. § 1343

The defendant is charged in count with a violation of 18 U.S.C. section 1343.

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. [A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of scheme to defraud.]

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant devised or intended to devise a scheme to defraud, as alleged in the indictment [or describe the scheme as stated in the indictment];

*Second*: the defendant acted with specific intent to defraud;

*Third*: the defendant [used interstate or foreign wire communications facilities] [caused another person to use interstate or foreign wire communications facilities] for the purpose of carrying out the scheme;

*Fourth*: the scheme employed false or fraudulent pretenses, representations, or promises that were material;

[*Fifth*: the scheme was in connection with the conduct of telemarketing.]

or

[*Fifth*: the scheme was in connection with the conduct of telemarketing and

(c) victimized ten or more persons over the age of 55, or

(d) targeted persons over the age of 55.] or

183

[*Fifth*: the scheme was related to a presidentially declared major disaster or emergency.]

or

[*Fifth*: the scheme affected a financial institution.]

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money, property or the intangible right of honest services.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.

A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Comment

Cases addressing the elements of wire fraud include: *United States v. Zar*, 790 F.3d 1036, 1049-50 (10th Cir. 2015); *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1102 (10th Cir. 1999); *United States v. Smith*, 133 F.3d 737, 742-43 (10th Cir. 1997); *United States v. Galbraith*, 20 F.3d 1054, 1056 (10th Cir. 1994); *United States v. Drake*, 932 F.2d 861, 863 (10th Cir. 1991). The *Zar* case clarified that "the first element of wire fraud is a scheme to defraud and that element includes a scheme to obtain [money or] property by means of false or fraudulent pretenses, representations, or promises." *Zar*, 790 F.3d at 1050 (citing *Cleveland v. United States*, 531 U.S. 12, 26 (2000)).

In *Neder v. United States*, 527 U.S. 1, 25 (1999), the Court held that "materiality of falsehood" is an essential element of wire fraud. Where false

184

representations are involved in the scheme, they must be material. *Id.* However, a scheme to defraud does not necessarily involve affirmative misrepresentations. *United States v. Cochran*, 109 F.3d 660, 664 (10th Cir. 1997); *United States v. Cronic*, 900 F.2d 1511, 1513-14 (10th Cir. 1990), *overruled on other grounds by United States v. Iverson*, 818 F.3d 1015 (10th Cir. 2016). *See also Neder*, 527 U.S. at 22 (noting that, at common law, fraud required misrepresentation, concealment, or omission of material fact).

The first two elements of mail fraud and wire fraud are identical. *See United States v. Welch*, 327 F.3d 1081, 1104 (10th Cir. 2003). Given the similarity in elements, Instruction 2.56 on mail fraud also should be consulted.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

Use Note

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a fifth element is required when the indictment alleges any facts that would result in enhanced penalties under 18 U.S.C. § 1343 (wire fraud committed in connection with presidentially declared major disaster or

emergency or wire fraud that affects a financial institution) or 18 U.S.C. § 2326 (wire fraud involving telemarketing). For the definition of "presidentially declared major disaster or emergency," *see* 42 U.S.C. § 5122. A "wire communications facility" includes wire, radio or television communication facilities. The use of this term should be tailored to the case before the court.