Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111

Phone: 1.888.234.370

*Attorney for Laura A. Gaddy and the Class*

### IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | MOTION FOR PERMISSION TO FILE "MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT" and MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM IN SUPPORT THEREOF<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS--DBP**<br><br>Presiding Judge: Robert J. Shelby |

### 1. PLAINTIFF ASKS THE COURT PERMISSION TO FILE HER DRAFTED BUT NOT FINALIZED "MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT"

This Motion is filed concurrently with a "Notice of Intent to File a Motion for Leave of Court to File a Second Amended Complaint. ("2AC") Case law in this district and the

1

Tenth Circuit requires that a motion to amend be made prior to dismissal with prejudice.

In another Court in this District, plaintiff opposed a motion to dismiss, requesting that if dismissed, it be done without prejudice, but failed to "request[ed] leave to amend the Complaint. Nor has Plaintiff indicated any additional facts he could plead that would allow his claims to survive a Motion to Dismiss." Seid v. Univ. of Utah, No. 2:19-CV-00112, 2020 WL 6873833, at *11 (D. Utah Nov. 23, 2020). Judge Parrish found that: "Because he has made no showing that he could cure the deficiencies in his pleading or that dismissal without prejudice is otherwise warranted, the court will not entertain Plaintiff's naked request to dismiss the claims without prejudice." Id. The Court dismissed Plaintiff's claims with prejudice."(Interior citations omitted.) Id.

Therefore, Plaintiff advises the Court that she intends to file a "Motion for Leave to File a 2AC," and asks the Court to defer issuing its decision on the Motion to Dismiss the Amended Complaint pending briefing and review of her Motion to file a 2AC,

## 2. PLAINTIFF ALSO MOVES THE COURT FOR PERMISSION TO FILE AN OVERLENGTH MEMORANDUM IN SUPPORT THEREOF

Pursuant to District of Utah Local Rule 7-1(e), Plaintiff also requests leave to exceed the word count limit of 2,500 words and to file an overlength memorandum of 3,550 words in support of her recently drafted, but not finalized, anticipated "Motion for Leave to File Second Amendment Complaint," which, with the Court's permission, she intends to file soon after the Court rules on the within Motion.

Plaintiff anticipates that her Motion will be ready to file within 48 hours (excluding weekends) of the time the Court rules on the within Motion to File an Overlength

Memorandum of with an additional 1,050 words.

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE OVER-LENGTH MEMORANDUM

1. GOOD CAUSE AND EXCEPTIONAL CIRCUMSTANCES EXIST.

Good cause and a showing of exceptional circumstances must be shown in order to justify the Court granting leave to file an over-length memorandum. DUCivR 7-1(e).

Additionally, the rule requires: "Motions or memoranda exceeding page or word-count limitations, for which leave of court has been obtained, must contain a table of contents, with page references, listing the titles or headings of each section and subsection". However, since the number of words asked for is only 3,550, Plaintiff suggests that the Court consider whether a table of contents would be helpful; Plaintiff will comply either way.

2. THE COURT CONSIDERS FIVE FACTORS IN RULING ON THE MOTION FOR LEAVE TO AMEND. HERE, COUNSEL MUST ARGUE EACH.

Though in the Court's discretion, the Motion for Leave to File a Second Amended Complaint must address five factors, of which the Court is aware, that are necessary for the Court to consider when deciding whether or not to grant leave to amend.

> Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Reasons that a court may deny leave to amend include, among others, "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Braun v. Medtronic Sofamor Danek, Inc., No. 2:10-CV-1283, 2013 WL 1842290, at *4–5 (D. Utah May 1, 2013)

3

Addressing each of the five factors requires more than the allotted word count.

3. <u>THE SUBSTANTIVE AND PROCEDURAL COMPLEXITY OF THIS CASE WARRANTS MORE WORDS.</u>

Though Defense Counsel has argued otherwise, this case is both a procedurally and substantively complex area of constitutional law. It deals with significant issues important to the residents of the State of Utah and current and former members of the LDS Church. Determination of whether a religious organization can be sued for teaching what it does not sincerely believe is an extremely important matter that will have significant repercussions for both parties and in time, parties who are in similar positions *vis a vis* one another, no matter how the law is finally decided.

Counsel has created a rough draft of the anticipated Motion for Leave to File a Second Amended Complaint that contains approximately 4,000 words and believes that she cannot reduce it below 3,550 without compromising the substance of the arguments relative to the above factors and the argument in support of justice.

Based on Defense Counsel's refusal to stipulate and written opposition to her last request to file an overlength memo in opposition to COP's Motion to Dismiss the Amended Complaint ((ECF #41), and multiple verbal and written threats of filing a Rule 11 Motion against the undersigned, at the onset of this case, Counsel has not asked Defense Counsel to stipulate to allow Plaintiff additional words.

There is no provision under the 2,500-limit rule for requesting excess words:

All Other Motions: All motions that are not listed above must not exceed 2,500 words, or in the alternative, ten (10) pages. If the document exceeds the page limit, then the party must certify compliance with the word-count limit. This limitation excludes the following items: face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits. DUCivR 7-1 (a)(3)(C)

There is otherwise no word limit in Fed. Civ. Proc. R. 7.

WHEREFORE, Plaintiff requests 1) that that Court defer drafting and posting a written decision on Defendant's Motion to Dismiss the Amended Complaint, pending a review and briefing (and argument if the Court is so inclined) of Plaintiff's "Motion for Leave to File a Second Amended Complaint." And 2) Plaintiff also asks the Court to allow another 1,050 words for her "Motion for Leave to File a 2AC."

Respectfully submitted,

DATED: February 17, 2021.    Kay Burningham, Attorney at Law

/s/ Kay Burningham
Kay Burningham
kay@kayburningham.com
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Telephone: (888) 234-3706

*Attorney for Laura A. Gaddy and the Class*