David J. Jordan (1751)
david.jordan@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:  801.328.3131

*Attorneys for Defendant Corporation of the
  President of The Church of Jesus Christ of
  Latter-day Saints*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br> v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>   Defendant. | **RESPONSE TO PLAINTIFF'S "MOTION FOR PERMISSION TO FILE 'MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT' AND MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM IN SUPPORT THEREOF"**<br><br>Case No. 2:19-cv-00554-RJS<br><br>The Honorable Robert J. Shelby<br>The Honorable Dustin B. Pead |

   Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church") submits this Response to Plaintiff's "Motion for Permission to File 'Motion for Leave to File Second Amended Complaint' and

Motion for Leave to File Overlength Memorandum in Support Thereof" (the "Motion for Permission") (Docket 80).

Ms. Gaddy's Motion for Permission contains two requests.  First, she requests "permission" to file a forthcoming "Motion for Leave to File Second Amended Complaint" and that the Court "defer issuing its decision on the Motion to Dismiss the Amended Complaint pending briefing and review of her Motion to file a 2AC."  Motion for Permission at 2.  Second, she requests that she be permitted to file (another) overlength memorandum in support of her forthcoming "Motion for Leave to File Second Amended Complaint."  The Church addresses each request in turn.

### A. Ms. Gaddy's Request that the Court Consider Additional Briefing Before Issuing a Ruling on the Pending Motion to Dismiss is Improper.

Ms. Gaddy's first request is procedurally improper.  There is no Federal Rule of Civil Procedure requiring her to file a motion seeking *permission* to file a separate motion for leave to file a second amended complaint.  Ms. Gaddy is, and always has been, free to file a motion for leave to file a second amended complaint.  She needs neither the Court's permission nor a stipulation from the Church to do so.  *See* Fed. R. Civ. P. 15(a)(2).  It appears, however, that her true purpose for the unnecessary motion is her request that the Court defer ruling on the pending

Motion to Dismiss the Amended Complaint (the "Motion to Dismiss") until after the Court reviews her forthcoming briefing. This is improper.

The Church previously raised its concern that Ms. Gaddy has exhibited a pattern of advancing additional arguments in violation of the Court's local rules. *See* Response to Plaintiff's "Motion for Leave to Supplement Amended Complaint with an Additional Exhibit," Docket 62 at 2-3. The Court's local rules are clear: after a reply memorandum has been filed, "[n]o additional memoranda will be considered without leave of court." DUCivR 7-1(b). The Church previously documented multiple filings by Ms. Gaddy that violate this rule. Docket 62 at 2-3. And now Ms. Gaddy requests that the Court consider her forthcoming briefing *before* deciding the pending Motion to Dismiss. Indeed, she apparently requests that the Court consider at least three more briefs before issuing its ruling on the Motion to Dismiss—her forthcoming Motion for Leave to File a Second Amended Complaint, the Church's opposition memorandum, and her reply memorandum. The Motion to Dismiss is fully briefed and oral argument has been heard. And, as detailed below, Ms. Gaddy had ample opportunity to brief the issues and present her arguments for that Motion. Her request that the Court consider upcoming briefing in determining the Motion to Dismiss is improper and should be denied.

## B.   Ms. Gaddy's Request for Another Overlength Memorandum Should be Denied.

Ms. Gaddy once again requests leave to file an overlength memorandum. The justification she provides is the "complexity" regarding the issue of "whether a religious organization can be sued for teaching what it does not sincerely believe."[1] But that issue has already been exhaustively briefed. Indeed, her "sincerity" arguments were advanced in her briefing opposing the Church's original motion to dismiss and were center-stage for the briefing and argument on the pending Motion to Dismiss.

The issues presented by Ms. Gaddy's allegations have been repeatedly briefed for the past eighteen months. In fact, Ms. Gaddy has submitted no fewer than 39,559 words of briefing on her arguments. Specifically, she has filed the following:

- "Plaintiff's Opposition to Defendant's FRCP 12(b) Motion" (Overlength, 7997 words) (Docket 23).

- "Plaintiff's Notice of Supplemental Authority in Support of Her Opposition to Defendant's 12(b) Motion" (1937 words) (Docket 29).

---

[1] The Church disagrees with this characterization of the legal issue, but that disagreement is immaterial to the instant Motion for Permission.

4

- "Amendment to Plaintiff's Notice of Supp. Authority in Support of Opposition to Defendant's 12(b) Motion" (579 words) (Docket 30).

- "Plaintiff's Motion for Leave to File Amended Complaint" (2008 words) (Docket 32).

- "Plaintiff's [Revised] Motion for Leave to File Amended Complaint" (4266 words) (Docket 34).

- Ms. Gaddy's "Opposition to Motion to Dismiss Amended Complaint" (Overlength, 6435 words) (Docket 45).

- Ms. Gaddy's "Amended Opposition to Motion to Dismiss Amended Complaint" (Overlength, 8935 words) (Docket 47).

- Ms. Gaddy's "Errata to Opposition (Filed July 21, 2020) to Motion to Dismiss Amended Complaint" (142 words) (Docket 48).

- Ms. Gaddy's "Notice of Supplemental Authority in Support of [Amended] Opposition to Motion to Dismiss Amended Complaint" (525 words) (Docket 51).

- Ms. Gaddy's "Ex-Parte Motion/Request for Oral Argument on Motion to Dismiss Amended Complaint" (containing 642 words of argument) (Docket 53).

- Ms. Gaddy's "Motion for Leave to Supplement Amended Complaint with an Additional Exhibit" (containing 486 words of argument) (Docket 57).

- Ms. Gaddy's "Motion Requesting Judicial Notice be Taken" (1671 words) (Docket 59).

- Ms. Gaddy's "Reply to Response to Plaintiff's Motion for Leave to Supplement Amended Complaint with Additional Exhibit" (1058 words) (Docket 64).

- Ms. Gaddy's "Reply to Response to 'Motion Requesting Judicial Notice be Taken'" (2191 words) (Docket 66).

- Ms. Gaddy's Second "Notice of Supplement Authority in Support of Opposition to 12(b)(6) Motion to Dismiss Amended Complaint" (239 words) (Docket 68).

- Ms. Gaddy's Third "Notice of Supplement Authority in Support of Opposition to 12(b)(6) Motion to Dismiss Amended Complaint" (244 words) (Docket 69).

- Ms. Gaddy's Fourth "Notice of Supplement Authority in Support of Opposition to 12(b)(6) Motion to Dismiss Amended Complaint" (204 words) (Docket 70).

110002066.1 0056812-00016

And, of course, the above-referenced memoranda do not include briefing submitted by the Church or the Court's prior memorandum decision. At this stage, there is simply no reason why Ms. Gaddy should need another overlength brief and her request should be denied.

DATED: March 3, 2021.

        STOEL RIVES LLP

        */s/ David J. Jordan*
        David J. Jordan
        Wesley F. Harward

        *Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

110002066.1 0056812-00016