Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Phone: 1.888.234.370

*Attorney for Laura A. Gaddy and the Class*

### IN THE UNITED STATES DISTRICT COURT,

### DISTRICT OF  UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-Day SAINTS,** a Utah corporation sole.<br><br>*Defendant* | **REPLY to DEFENDANT'S RESPONSE to "MOTION FOR PERMISSION to FILE 'MOTION for LEAVE to FILE SECOND AMENDED COMPLAINT and MOTION FOR LEAVE to FILE OVERLENGTH MEMORANDUM in SUPPORT THEREOF'"**<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS--DBP**<br><br>Presiding Judge: Robert J. Shelby<br><br>Magistrate Jude: Dustin B. Pead. |

Defendant's response is contradictory, in part perhaps due to the vagueness of the interplay of the applicable procedural rules as applied in this case. On one hand, it appears to have no objection to Plaintiff filing a Motion for Leave to File a Second Amended Complaint ("2AC"): "Ms. Gaddy is, and always has been, free to file a motion for leave to file a second amended complaint. She needs neither the Court's permission nor a stipulation from the Church to do so. *See* Fed. R. Civ. P. 15(a)(2)." [Response, ECF #81, p. 2].

1

On the other hand, Defendant criticizes motions and notices filed after her Opposition to its "Motion to Dismiss the Amended Complaint" as being in violation of a local rule: "[n]o additional memoranda will be considered without leave of court." UT R USDCT CIV DUCivR 7-1, D.Ut. DUCivR 7-1. [Defendant's response, ECF #81, p. 3].

Case law has interpreted that the above local rule applies to briefing related to the underlying 12(b) or Rule 56 motion. *See* Anastasion v. Credit Serv. of Logan, Inc., No. 2:08-CV-180 TS, 2010 WL 2754846, at *1 (D. Utah July 12, 2010).

But Defendant argues that motions filed by Plaintiff are just such memoranda and therefore improper. Those listed by Defendant include a motion for judicial notice (which can be filed at any time), motions for overlength memoranda and extensions of time within which to file, both of which were clearly proper and both of which had been requested by Defendant (and stipulated to by Plaintiff) in the course of their briefing over this case. It also lists notices of supplemental authority, which are specifically allowed.

The subject Motion asking for permission for leave to file the "Motion for Leave to File a Second Amended Complaint," prior to the Court issuing an opinion on the "Motion to Dismiss the Amended Complaint" could be construed as just such prohibited memoranda related to the Motion to Dismiss the Amended Complaint—one that requires the Court's permission.

Plaintiff did not want to violate the local rule or usurp the Court's authority by filing a motion for leave to file a 2AC (which Defendant, given the rationale in its Response, could argue is a violation of DUCivR 7-1(b)), because if leave to file the 2AC is granted, it could make a Court order on the Amended Complaint moot, and therefore

is arguably "additional memorandum" referenced in the local rule, absent permission as that rule requires.

The rule is vague in its application to the current procedural posture of this case, especially in light of Seid v. Univ. of Utah, No. 2:19-CV-00112, 2020 WL 6873833, at *11 (D. Utah Nov. 23, 2020). Therefore, Plaintiff filed this "Motion for Permission to File 'Motion for Leave to File Second Amended Complaint and Motion for Leave to File Overlength Memorandum In Support Thereof.'"

Plaintiff intends only to spare the Court additional work if she can demonstrate to the Court's satisfaction that a 2AC would address issues previously identified by the Court as vulnerable to 12(b)(6) dismissal. However, she needs 3,550 (as opposed to 2,500) words to do that. Should the Court deny the underlying motion, Plaintiff must adequately preserve the issues on appeal, given that the standard of review on appeal from denial of a motion to file an amended complaint is an abuse of discretion.

Respectfully submitted,

DATED: March 8, 2021.          Kay Burningham, Attorney at Law

/s/ Kay Burningham
Kay Burningham
kay@kayburningham.com
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Telephone: (888) 234-3706

*Attorney for Laura A. Gaddy and the Class*