Kay Burningham (#4201)
kay@kayburningham.com
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Phone: 1.888.234.3706

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**CORPORATION of THE PRESIDENT of the CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant.* | **MOTION to AMEND PRAYER for RELIEF in [PROPOSED] SECOND AMENDED COMPLAINT**<br><br>(Demand for Jury Trial)<br><br>Case: **2:19-cv-00554-RJS-DBP**<br><br>Chief Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

Plaintiff LAURA A .GADDY, hereby moves the Court for leave to substitute the attached Amendment (Ex. No. 1) to her "Prayer for Relief" to be substituted in lieu of the "Prayer for Relief" in the proposed Second Amended Complaint (ECF #85-1), filed March 17, 2021 as Exhibit No. 1 to her "Motion for Leave to File the Proposed Second Amended Complaint."

1

Plaintiff respectfully requests that the Court allow amendment of the Proposed Second Amended Complaint ("2AC"), by substituting the attached "Prayer for Relief" language for the "Prayer for Relief" in the original proposed Second Amended Complaint on pps. 134-135.

Said Amendment is submitted as correcting an oversight in the original proposed Second Amended Complaint meant to be included as to the value of time served on missions, to clarify that the general damages sought include those for emotional distress, and to add a prayer for prejudgment interest on all special damages that can be determined with certainty.

The damages in the amended "Prayer for Relief" more correctly reflect the types of damages allowable for the claims under Utah law and as specifically pleaded by Plaintiff, Laura A. Gaddy, individually and/or as the representative of the putative class.

The proposed amendment addresses three issues. 1. Clarification of mission related special damages; 2; clarification of that emotional distress damages are claimed as part of general damages; and 3. Request for prejudgment interest as an appropriate item for out of pocket special damages that can be ascertained with certainty from the time they were

incurred.

Undersigned counsel has cited nothing but brief references to legal authorities for allowing this amendment to the proposed 2AC. However, since the Court has yet to rule on whether it will allow the 2AC, and *a fortiori*, Defendant has yet to respond to that 2AC should it be allowed, it is unfathomable how Defendant could be unduly prejudiced by the Court should it allow submission of the attached "Prayer for Relief" in lieu of the original language set forth in the proposed 2AC.

1. <u>The Value of Time Spent on a Mission is an Appropriate Special Damage Item in this Case.</u>

In the proposed 2AC, LAURA alleged that she spent about 75-80 hours a week on her mission (2AC ¶280.) Missionaries are not paid (2AC ¶102). Typically, the individual missionary and/or their family finance the mission. (2AC ¶110.) Class allegations include mission expense (2AC ¶307). Though the 2AC alleges that LAURA worked to save for her mission (2AC ¶275). LAURA GADDY inadvertently failed to allege that she paid for one quarter of her missionary expenses, and upon information and belief, her mother and her ward paid the remainder. The length of a mission is from 18-24 months. (2AC ¶110.)

The proposed Amendment to the proposed 2AC more correctly reflects that aspect of her and the prospective members of the class's damages, which was pleaded in the 2AC ¶¶21, 23, 102, 110, 277-284, 305, 307, 351 and 424 and was suffered by many if not most of the potential class members.

These types of special damages are allowed under Utah law. <u>Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.</u>, 850 P.2d 447, 457 (Utah 1993).

2. <u>Emotional Distress Damages (as an Item of Pain and Suffering or General Damages), are Allowed for Fraud.</u>

("[W]e concur with those jurisdictions that allow the recovery of emotional damages that are the natural and proximate result of fraud."); (Citations omitted.) <u>Campbell v. State Farm Mut. Auto. Ins. Co.</u>, 2001 UT 89, ¶¶ 105-106, 65 P.3d 1134, 1164–65, <u>rev'd</u> on other grounds, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003)

3.   <u>Utah Law Allows for Prejudgment Interest in this Case</u>.

For tort actions prejudgment interest is allowed from the date on which the damages were incurred, as explained in Utah Code Ann. § 78B-5-824.

> (1) In all actions brought to recover damages for personal injuries sustained by any person, caused by the negligence or willful intent of another person, corporation, association, or partnership, and whether the injury was fatal or otherwise, the plaintiff, including a counterclaim plaintiff or a crossclaim plaintiff, in the complaint may claim interest on special damages actually incurred.

Utah Code Ann. § 78B-5-824.

4.  Conclusion.

Wherefore, the Court has yet to decide whether it will allow leave to file the proposed 2AC, since the changes requested in the proposed amendment are almost entirely to the prayer for relief (with one exception to allege that Laura and members of the class financed their missions in whole or part), and therefore there would be no undue prejudice to Defendant, it is respectfully requested that the Court allow the attached Amendment to the proposed 2AC.

Dated: the 28TH of May 2021					by: /s/ *Kay Burningham*
								Kay Burningham

								*Attorney for Laura A. Gaddy*