Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Telephone: 1.888.234.3706

*Attorney for Laura A. Gaddy*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**[The] CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF REPLY to OPPOSITION to "MTN FOR LEAVE TO FILE [proposed] SECOND AMENDED COMPLAINT"**<br><br>**(Oral Argument Requested)**<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS--DBP**<br><br>Chief Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

Pursuant to District of Utah Local Rule 7-1(b)(4), Plaintiff submits this Notice of Supplemental Authority which has come to the attention of Plaintiff's counsel.

1

> When pertinent and significant authorities come to the attention of a party after the party's memorandum has been filed, or after oral argument but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, but the notice must state, without argument, the reasons for the supplemental citations.

Any response must be made, filed promptly, and be similarly limited.

DUCivR 7-1 (b)(4).

The Motion for Leave to File the Proposed Second Amended Complaint (ECF #85) was filed March 17, 2021. Defendant's Opposition (ECF #91) was filed April 14, 2021. The Reply brief (ECF #92) was filed May 3, 2021.

The case is: <u>Williams v. Kingdom Hall of Jehovah's Witnesses</u> ---P.3d ----, 2021 WL 2251819, 2021 UT 18, decided June 3, 2021. (Copy of case is attached as Exhibit One to this Notice.)  It relates to the following sections of Plaintiff's Motion for Leave to File the Proposed Second Amended Complaint (ECF#85) and the Reply Brief (ECF#92 ) including footnote number three, indicated as no. 1 here:

2

From the Motion:

*"COP's duty to disclose material information is alleged on several grounds recognized under Utah law."* (Mtn. p. 4.)

*"In the Court's Order dismissing the original complaint it denied the inartfully labeled "breach of an equitably imposed fiduciary duty" [based on the Franco case] claim. [ECF #133, pps 18-20.] However, the 2AC alleges sufficient factual bases for COP's duty to arise even under Utah law. 2AC ¶355."* (Mtn., p. 8.)

And, from the Reply Brief:

> 2. <u>Bryce Suggests the CAD Protects only Sincerely Held Beliefs.</u>

*Importantly, Bryce impliedly recognizes the CAD defense only protects conduct rooted in sincerely held religious beliefs:*

> *Similarly, the Florida Supreme Court recently held that the First Amendment does not protect a church from a negligent hiring claim if the church's actions were not motivated by sincerely held religious beliefs or practices. <u>Malicki v. Doe</u>, 814 So. 2d 347 (Fla. 2002).[3]*

<u>Bryce</u>, *289 F.3d at 657 [Reply p. 7, N. 3][1]*

---

[1] *[3] These courts conclude that there is no impermissible interpretation of religious doctrine because the courts are applying a neutral principle of generally applicable tort law. This is especially so where the religious institution does not allege that the* **conduct** *was undertaken in furtherance of a sincerely held religious belief…it has been asserted that a contrary holding actually places a church or its clergy in a preferred position of being immune from tort liability solely because of religion, which in itself would have the*

Williams v. Kingdom Hall, *Id.,* also relates to the establishment arguments in Defendant's Motion to Dismiss the original complaint:

> *The First Amendment thus limits the kinds of claims that can be brought against religious organizations. Tort claims that require civil courts to entangle themselves in the examination of religious doctrines, beliefs, or polity, or that interfere in church governance, are unconstitutional. See Lemon v. Kurtzman, 403 U.S. 602, 612-13 (1971) (First Amendment precludes judicial entanglement in religious affairs).*

(ECF #6 Filed 08/27/19 pps. 16-17)

Reason for submission: *Williams v. Kingdom Hall* was just recently decided by the Utah Supreme Court.

Respectfully,

DATED this 9th day of June 2021.

                                        Kay Burningham, Attorney at Law

                                        */s/   Kay Burningham*

                                        Kay Burningham

*Attorney for Laura A. Gaddy*

---

*impermissible effect of recognizing a religion in violation of the Establishment Clause." (Citations omitted)* <u>Malicki</u>*, 814 So. 2d at 358–59.*