Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Phone: 1.888.234.3706

*Attorney for Laura A. Gaddy*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**[The] CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole.<br><br>*Defendant* | **PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT.**<br><br>(DEMAND FOR JURY TRIAL)<br><br>**2:19-cv-00554-RJS-DBP**<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Dustin B. Pead |

1. <u>Motion for Leave to File Overlength Memorandum</u>

Pursuant to District of Utah Local Rule 7-1(e), Plaintiff respectfully requests leave to exceed the word count limit to file an overlength memorandum in support of her renewed Motion for Leave to File a Second Amended Complaint (2AC).

Pursuant to his Order on Defendant's Motion to Dismiss (dkt.100), Judge Shelby stated:

After the court heard oral argument and took this matter under advisement, Gaddy filed a Motion for Leave to File her Second Amended Complaint. That Motion is denied without prejudice as premature. However, now that the court has resolved the Church's Motion to Dismiss her Amended Complaint, Gaddy may file within thirty (30) days a motion for leave to amend her Amended Complaint." (Dkt.100, p. 29.)

2. <u>Good Cause Exists for an Overlength Memorandum</u>

In June, the Utah Supreme Court and the Supreme Court of the United States issued opinions that either change or clarify the law to be applied to the case at bar.

A. <u>Williams v. Kingdom Hall Abrogates Franco.</u>

In a claim for intentional infliction of emotional distress by Jehovah's Witnesses elders against a young teen church member during a disciplinary hearing, the Utah Supreme Court held that courts should eschew application of a rigid formula when analyzing Establishment Clause cases. The Court specifically abrogated Franco v. The Church of Jesus Christ of Latter-day Saints, 2001 UT 25, 21 P.3d 198, abrogated by Williams v. Kingdom Hall of Jehovah's Witnesses, 2021 UT 18.

> In light of this recent development in Establishment Clause case law, we also disregard the *Lemon* test and disavow the reasoning in our previous cases to the extent they relied on the *Lemon* test. *See*, *e.g.*, Franco, 2001 UT 25, ¶ 12, 21 P.3d 198.

Williams v. Kingdom Hall of Jehovah's Witnesses, 2021 UT 18 n 29.

It held that in deciding whether a member's tort action against the church was barred by the Establishment Clause, the lower court should not have rigidly applied the *Lemon* test but should have focused on whether there would be any "excessive government entanglement" with religion. On remand the Utah Supreme Court instructed the District Court to focus on the particular issue at hand and look to history for

guidance as to the correct application of the Establishment Clause and identify "an overarching set of principles" and explain how those principles should be applied in the case. Williams v. Kingdom Hall of Jehovah's Witnesses, 2021 UT 18, ¶ 27.

    B.  <u>Fulton v. City of Philadelphia Acknowledges Smith's Survival.</u>

Additionally, in June the Supreme Court declined to overrule Emp. Div., Dep't of Hum. Res. of Oregon v. Smith, 494 U.S. 872, 110 S. Ct. 1595, 108 L. Ed. 2d 876 (1990), which held that the First Amendment is not a defense to a neutral law of general applicability and the rule in Reynolds v. United States, 98 U.S. 145, 146, 25 L. Ed. 244 (1878) that government is free to regulate conduct, but not belief. The Court characterized the City's ordinance requiring placement of children with same sex couples as a law that is not "generally applicable," thereby circumventing application of Smith.  Fulton v. City of Philadelphia, Pennsylvania, 141 S. Ct. 1868, 1871 (2021).

The second question certified for appeal in Fulton, 141 S. Ct. 1868, was: "Should the Court revisit its decision in Employment Div., Dept. of Human Resources of Oregon, 494 U.S. 872  ?" Although significant amicus briefing from a variety of counsel on behalf of various religious institutions (including Defendant herein) sought to convince the Court to overrule Smith, Chief Justice Roberts did not. By issuing such a narrow opinion, the Court implicitly acknowledged that Employment Div., Dept. of Human Resources of Oregon, 494 U.S. 872 remains valid.

Fulton had no occasion to address the so-called "church autonomy doctrine," but confirmed that most of the Supreme Court Justices' are reluctant to overrule Smith's belief v. action distinction based on 19th Century cases such as Reynolds v. United

3

States, 98 U.S. 145, 146, 25 L. Ed. 244 (1878), argued by some scholars as limited by the Court's decision in Sherbert v. Verner, 374 U.S. 398, 83 S. Ct. 1790, 10 L. Ed. 2d 965 (1963), that was in turn resurrected by Employment Div., Dept. of Human Resources of Oregon, 494 U.S. 872.

Due to the foregoing significant decisions, as applied to both formerly pleaded and newly pleaded causes of action, as well as addressing previously concealed information and artifacts only recently disclosed by Defendant over the year between the filing the Amended Complaint (dkt. 37) on May 18, 2020 and March 17, 2021, the filing date of the original "Motion for Leave to file a Second Amended Complaint" (dkt.85), Plaintiff estimates she will need twice the 2,500 word limit to no more than 5,000 words to adequately brief her argument that leave to file a Second Amended Complaint would not be futile.[1]

Accordingly, Plaintiff requests that the Court grant her leave to file an overlength memorandum of no more than 5,000 words including footnotes and excluding the caption and other matter as indicated in the local rules, in her Motion for Leave to File a Proposed Second Amended Complaint.

A proposed order is filed herewith.

DATED this 3rd day of August, 2021.   Kay Burningham, Attorney at Law

/s/_____
Kay Burningham

*Attorney for Laura A. Gaddy*

---

[1] The original *Motion for Leave to File Proposed Second Amended Complaint* (dkt. 85) was 2,500 words, truncated with many abbreviations. Of course it did not include analysis of the subsequently decided cases referenced above.

4