David J. Jordan (1751)
david.jordan@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:  801.328.3131

*Attorneys for Defendant Corporation of the
President of The Church of Jesus Christ of
Latter-day Saints*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>    v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>    Defendant. | **OPPOSITION TO MOTION FOR LEAVE TO FILE OVERLENGTH MEMORANDUM**<br><br>Case No. 2:19-cv-00554-RJS<br><br>The Honorable Robert J. Shelby<br>The Honorable Dustin B. Pead |

Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church") submits this Opposition to Plaintiff's Motion for Leave to File Overlength Memorandum.  (Docket 112).

The Church moved to dismiss Plaintiffs' Second Amended Complaint (the "Motion").  Much of that Motion was based on issues already addressed by this

113290795.1 0056812-00016

Court in its prior orders.  And the Church's Motion was *under length.*  Yet Plaintiffs now request permission to file an *overlength* memorandum in response.

Plaintiffs' instant request makes clear that they plan to re-argue the very topics already addressed.  The litany of questions posed by Plaintiffs in their request are precisely the topics on which this Court has already ruled.  For example, Plaintiffs ask: "What does conduct 'rooted in religion' mean?  Is that the standard for dismissal of the conduct in the 2AC?"  They also ask: "does the [Church Autonomy Doctrine] even apply in this case. . ."?  And none of the cases cited in Plaintiffs' request are new—indeed they have all be referenced extensively in prior briefs.

These topics have all been extensively briefed repeatedly.  And the Court has issued two memorandum decisions on these topics.  Simply put, there is no reason why Plaintiffs cannot adequately respond to the Church's Motion within the page limitations set by the Court's rules—especially given that the Motion itself was under length.

The Church also notes the procedural impropriety of Plaintiffs' request.  Plaintiffs styled the request as an "Ex Parte Motion" and submitted a proposed order to chambers.  First, proposed orders are to be submitted to the Court in only specific instances—none of which apply here.  *See* DUCivR 7-1(2).  Second, even

if a proposed order were appropriate here, any proposed order "must be served upon opposing counsel for review and approval as to form *prior to being submitted to the court for review and signature*." *Id.* 54-1(b).  Plaintiffs' counsel did not comply with these rules.

Plaintiffs have not demonstrated "good cause" nor "a showing of exceptional circumstances that justify the need for an extension of the specified page or word-count limitations."  Plaintiffs' request to file an overlength memorandum should be denied.  *Id.* 7-1(e).

DATED:  December 1, 2021.

STOEL RIVES LLP

/s/ David J. Jordan
David J. Jordan
Wesley F. Harward

*Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

3