David J. Jordan (1751)
djordan@foley.com
Wesley F. Harward (15623)
wharward@foley.com
FOLEY & LARDNER LLP
299 South Main Street, Suite 2000
Salt Lake City, Utah 84111
(801) 401-8900

*Attorneys for Defendant Corporation of the President
of The Church of Jesus Christ of
Latter-day Saints*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, LYLE D. SMALL, and LEANNE R. HARRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>Defendant. | **OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Case No. 2:19-cv-00554-RJS<br><br>The Honorable Robert J. Shelby |

Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church") hereby submits this Opposition to Motion for Leave to File Third Amended Complaint (the "Motion," Docket 122).

## INTRODUCTION

Enough is enough. Plaintiffs again seek leave to amend their complaint—while a motion to dismiss the currently operative complaint is pending. The Court has been more than patient with plaintiffs' numerous prior amendments. Over the last two and a half years, Plaintiffs have

1

submitted no less than *ten* prior versions of this complaint.  The Court warned Plaintiffs that it would not entertain further amendments to claims that have previously been dismissed.  And the Court's order granting leave for Plaintiffs to file the Second Amended Complaint instructed Plaintiffs to "make any other necessary edits so that the Second Amended Complaint contains all operative allegations in this case." (Docket 109).  These alone are sufficient grounds to deny the proposed amendment.

The Motion should also be denied as futile.  Plaintiffs yet again ignore this Court's prior orders and attempt to bring multiple claims regarding the veracity of the Church's *religious* teachings.  Indeed, the Proposed Third Amended Complaint includes *even more* allegations about the translation process of the Book of Mormon, the history of the Book of Abraham, and Joseph Smith's First Vision.  These claims have already been dismissed—twice—and, as argued in the Church's pending Motion to Dismiss Second Amended Complaint, should be dismissed a third time.  The Court's orders have been clear.  The First Amendment prohibits this Court from adjudicating "fraud claims implicating religious facts." (Docket 33 at 13).  The Third Amended Complaint would simply result in another motion to dismiss.  There is no reason for this Court—or the parties—to expend further resources briefing and adjudicating the same issues that have already been decided.  Accordingly, the Motion should be denied.

## SUMMARY OF RELEVANT PROCEDURAL HISTORY

**A.     Plaintiffs Have Submitted at Least Ten Versions of the Complaint.**

In total, the "Proposed Third Amended Complaint" is actually the *eleventh* substantively

2

different complaint submitted by Ms. Gaddy.  Specifically, Ms. Gaddy[1] has filed the following:

1. The original complaint filed on August 5, 2019.  (Docket 2).

2. The "Proposed First Amended Complaint" submitted with a Motion for Leave to File First Amended Complaint on March 30, 2020."  (Docket 32).  This motion was filed while the Church's motion to dismiss the original complaint was pending.

3. The "The First Amended Complaint" filed on May 18, 2020, after the Court granted the Church's motion to dismiss.  (Docket 37).

4. A "Supplemental First Amended Complaint" that was the result of a "Motion to Supplement" filed on November 10, 2020.  (Docket 57).

5. A "Proposed Second Amended Complaint" filed on March 17, 2020.  (Docket 85).

6. A de facto amendment through Ms. Gaddy's "Errata to [Proposed] Second Amended Complaint" filed on March 31, 2020.  (Docket 90).

7. A new proposed amendment to the proposed Second Amended Complaint submitted with "Plaintiff's Motion to Amend/Correct Plaintiff's Motion for Leave to File Second Amended Complaint" filed on May 28, 2020.  (Docket 95).  This motion was granted by the Court on June 14, 2020.  (Docket 98).

8. A new "Proposed Second Amended Class Action Complaint" filed on September

---

[1] The Second Amended Complaint added two other named plaintiffs.  But those additions did not change the substance of the claims at issue in this case.

3

9.     27, 2021 with Ms. Gaddy's new Motion for Leave to File Second Amended Complaint.  (Docket 105).

9. Proposed amendments to the "Proposed Second Amended Class Action Complaint" filed with Ms. Gaddy's "Motion to Amend [Proposed] Second Amended Complaint" on October 5, 2021.  (Docket 106).

10. The currently-operative Second Amended Complaint filed on October 22, 2021.  (Docket 110).

11. The Proposed Third Amended Complaint filed with Plaintiffs' Motion for Leave to File Third Amended Complaint on January 28, 2022.  (Docket 122).

## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure provides that, absent two exceptions inapplicable here, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Decisions on whether to permit amendment are left to the discretion of the district court.  And a district court's decision will be upheld unless it "issues an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *Llacua v. Western Range Ass'n*, 930 F.3d 1161, 1189 (10th Cir. 2019) (quoting *Birch v. Polaris Indus. Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015)).  A "district court may refuse to allow amendment if it would be futile."  *Full Hospice LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Id.*

**A.  The Court Should Exercise Its Discretion and Deny the Motion.**

This Court should deny the Motion and decline to allow yet another amendment.  The

Tenth Circuit has recognized that where a plaintiff was given multiple opportunities to amend its pleadings and the new allegations are not based on new information, it is proper for a district court to deny leave to amend. *Llacua*, 930 F.3d at 1189. This is particularly appropriate when the district court has issued warnings that additional amendments may not be permitted. *Id.* at 1188 (noting that the district court required counsel to "put [their] cards on the table" with a final amendment rather than saying "we want to amend one more time"). This policy is in recognition of the "significant expenditure of resources on the part of the defendants *and the judiciary* in responding to . . . prior iterations of the . . . complaint." *Id.* at 1189 (emphasis in original).

Plaintiffs have enjoyed considerable latitude from the Court and the Church in amending their pleadings in the past (many of the prior versions of the complaint were filed with the stipulation of the Church). But the Court warned Plaintiffs that further amendments may not be permitted. First, during the hearing on the Church's Motion to Dismiss the First Amended Complaint, the Court stated "it seems to me that we are probably at a point where I would not allow further amendment of" the claims that have previously been dismissed. (Docket 78 at 17). This warning came before Plaintiffs filed the Second Amended Complaint again reasserting claims based "on the same theories or related theories." *Id.* Second, in granting the Motion for Leave to File Second Amended Complaint this Court expressly directed Ms. "Gaddy to make all changes referenced in her Motion to Amend *and any other edits so that the Second Amended Complaint contains all operative allegations in this case*." (Docket 109) (emphasis added).

Plaintiffs continue to ignore this Court's prior rulings by attempting to reassert the same claims based on theories that have been rejected by this Court. Tellingly, the Proposed Third Amended Complaint still contains hundreds of pages of allegations about the Church's religious

5

teachings regarding the Book of Mormon, the First Vision, and the Book of Abraham. Yet this Court held that it "can no more determine whether Joseph Smith saw God and Jesus Christ or translated with God's help gold plates or ancient Egyptian documents, than it can opine on whether Jesus Christ walked on water or Muhammed communed with the archangel Gabriel. The First Amendment prohibits these kinds of inquiries in courts of law." (Docket 33 at 12). And the Court subsequently held that "the First Amendment bars" the inquiry into "the Church's teachings concerning," among other things, "the First Vision, translations of the Book of Mormon and Book of Abraham, locations of events described in the Book of Mormon, and the Church's history with polygamy." (Docket 100 at 23). Plaintiffs have not even attempted to comport the Proposed Third Amended Complaint with the Court's prior orders. This alone is grounds for denial of the Motion.

      Plaintiffs provide no explanation for why the new factual allegations included in the Proposed Third Amended Complaint could not have been included when the Court directed them to make "any other edits so that the Second Amended Complaint contains all operative allegations in this case." (Docket 109). Indeed, none of the allegations is based on new information. For example, Plaintiff's Motion references a new "affirmative misrepresentation based on the post 2012 tithing form." (Motion at 5). Similarly, the Motion references that the Proposed Third Amended Complaint "was slightly revised to include another five years" (i.e from 2010 to 2016. And it includes additional exhibits from 2019. In other words, there is no information that could not have been raised in the Second Amended Complaint.

      Finally, the Church notes the clear pattern that has emerged. Plaintiffs file a complaint, the Church moves to dismiss, and the Plaintiffs attempt to amend the complaint while that

6

motion is pending. This has occurred repeatedly and, if this amendment were allowed, it would no doubt continue. The Church's response to the Proposed Third Amended Complaint will, of course, be a motion to dismiss raising the same arguments it has previously raised. This invites yet another round of briefing (with the sure-to-follow requests to amend, notices of errata, and supplements) that will only increase the already significant expenditure of party and judicial resources on this case. *See Llacua*, 930 F.3d at 1189 (discussing judicial resources expended in responding to multiple complaints). The timing of the Motion makes clear that Plaintiffs are attempting to circumvent the Court's ruling on the Motion to Dismiss the Second Amended Complaint. And as the district court in *Llacua* recognized, "'[i]t is precisely this type of manipulation that has led the Tenth Circuit to caution courts against allowing plaintiffs 'to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, [or] to present theories in seriatim in an effort to avoid dismissal.'" *Id.* at 1189 n.36. Plaintiffs Motion should be denied.

B.     **The Court Should Deny the Proposed Amendment as Futile.**

The Proposed Third Amended Complaint should be rejected as futile. The Motion identifies four categories of new information. Those categories are as follows: "new allegations to support the prior claim that [Church leaders] do not believe what they teach" (Motion at 6), allegations comparing "the percent of annual tithing receipts used to fund EPA" with "the percent of tithing used for humanitarian aid" (Motion at 8), new allegations about a misrepresentation on "the post 2012 tithing form that all donations are spent to further the 'overall mission of the Church'" (Motion at 5), and "the basis of the allegations made upon

information and belief" (Motion at 3).² But none of those would actually cure the defects in the Second Amended Complaint.³

First and foremost, the First Amendment still precludes this Court from adjudicating any fraud claim that is rooted in religious teachings. This Court held that "the First Amendment bars" the inquiry into "the Church's teachings concerning," among other things, "the First Vision, translations of the Book of Mormon and Book of Abraham, locations of events described in the Book of Mormon, and the Church's history with polygamy." Second Order at 23. Yet the Proposed Third Amended Complaint still includes all the same allegations about those topics as before. In fact, the Proposed Third Amended Complaint includes *even more* allegations on those topics. Specifically, the following paragraphs contain additional allegations about the Book of Mormon: ¶¶ 157, 167, 203, 227, 231-32, 236. The following paragraphs contain additional allegations about the First Vision: ¶¶ 213, 236. And the following paragraphs contain additional allegations about the Book of Abraham: ¶¶ 37-38; 74-75, 236.

Second, the additional allegations about the "sincerity of belief" are immaterial. This theory of liability was already squarely rejected by the Court in its Second Order. Indeed, the Court devoted an entire section of its Second Order to that argument. (Docket 100 at 15). Ultimately, the Court held that Ms. Gaddy's theory was prohibited by the First Amendment. *Id.* In other words, the claims were not dismissed for failure to sufficiently plead lack of sincere

---

² Plaintiffs also note they have "reworded" the Fourth Cause of Action. But that rewording does not alter the analysis in the slightest.

³ For the sake of brevity, the Church will only summarize, as necessary, the arguments it advances in its Motion to Dismiss Second Amended Complaint.

8

belief. Thus, additional allegations about the lack of sincere belief are irrelevant and do not change the analysis.

Third, the additional allegations about tithing also fail to cure the defects identified in the Second Amended Complaint. The Motion identifies two categories of additional allegations regarding tithing. First, an alleged misrepresentation by the Church that tithing is used to "further the overall mission of the Church." Second, allegations regarding comparisons of funds controlled by EPA and donations to humanitarian aid. But neither of these categories actually cure the defect with Plaintiffs' tithing claims. As set forth in the Motion to Dismiss Second Amended Complaint, Plaintiffs allege that the Church does not use all its tithing donations for the "Lord's purposes" or to "further the overall mission of the Church." But these claims are also barred by the First Amendment. This Court cannot decide what are and are not the "Lord's purposes."

These claims also fail on the merits. Indeed, Utah Supreme Court rejected this exact type of claim more than 60 years ago. It explained:

> "[I]t is obvious that all of the funds the Church collects would not be disbursed immediately and directly for such purposes. It is but common sense and common knowledge that there is need for the exercise of management of such funds for the ultimate accomplishment of the purposes stated. How this is to be done to best serve those objectives is for those in charge of the management of the Church to decide. It may well entail the keeping of collected funds in savings accounts, bonds, real estate or any type of investment which, in the judgment of those in charge, best suits that purpose."

*Stone v. Salt Lake City*, 356 P.2d 631, 633-34 (Utah 1960). Plaintiffs have not plead that the investment of donated funds—for future use by the Church—constitutes any kind of fraud. The Church has every legal right under the First Amendment and the laws applicable to any non-

9

profit organization to invest a portion of its funds for future use *by the organization*.  This is both "common sense and common knowledge." *Id.*

Fourth, the additional information provided to indicate the source of the allegations made upon information and belief does not change the analysis for the Motion to Dismiss Second Amended Complaint.  The Church's argument was made in a footnote and noted that these allegations made upon information and belief did not "reference a 'purely secular' statement by the Church asserting that tithing funds would not be used to support Beneficial Life or that any such statement was false."  Simply providing the basis for the (false) allegation that tithing funds were used to support Beneficial Life does not actually cure the defect.  Plaintiffs still cannot reference any statement by the Church indicating that it would not invest money in Beneficial Life for future use by the Church.  Thus, this new category of allegations does nothing to save the Proposed Third Amended Complaint.

## CONCLUSION

The time has come for this case to end.  The Church respectfully requests that the Court deny any additional attempts by Plaintiffs to further amend their complaint.  They have been given more than enough opportunities to do so.  They clearly disagree with the Court's prior rulings.  But the proper course of action is an appeal to the Tenth Circuit—not a never-ending cycle of amended pleadings. The Motion should be denied.

DATED:  February 25, 2022

        FOLEY & LARDNER LLP

        */s/ David J. Jordan*
        David J. Jordan
        Wesley F. Harward

        *Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of February 2022, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF system which served a copy of the document on all counsel of records.

/s/ David J. Jordan

112989015.1 0056812-00016