Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, Suite #1375
Salt Lake City, Utah 84111
Phone: 1.888.234.3706

*Attorney for Plaintiffs Laura A. Gaddy, Lyle D. Small and Leanne R. Harris*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, **LYLE D. SMALL, LEANNE R. HARRIS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**[The] CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole and DOES 1-50<br><br>*Defendant* | **REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE proposed THIRD AMENDED COMPLAINT**<br><br>(DEMAND FOR JURY TRIAL)<br><br>(Request for Oral Argument)<br><br>**2:19-cv-00554-RJS-DBP**<br><br>Chief Judge: Robert J. Shelby<br><br>Chief Magistrate Judge: Dustin B. Pead |

Plaintiffs reply to Defendant's Opposition to Plaintiffs' Motion for Leave to File the Proposed Third Amended Complaint (3AC).

1. **Summary of Relevant Procedural and Event History**

The following chart is an annotated list of the motions to amend and amended complaints and the reasons therefore. Interspersed with the pleadings, in chronological order and in red, are significant events that affected the need for many of those

1

amendments.

From this bird's eye view, one can see that information about Defendant's fraudulent activities continues to leak out, whether by insider whistleblowers or by LDS President Russel M. Nelson who appears to have accepted some degree of responsibility in misleading the organization's faithful followers. By demonstrating the material facts surrounding the Book of Mormon creation process as one involving a seer stone(s) placed in a hat, while the gold plates were "usually" covered, President Nelson has taken a step in the right direction.

| | |
|---|---|
| 08/05/2019 | Proposed Class Action Complaint filed. |
| Dec. 2019 | News coverage of an IRS Whistleblower Complaint filed by David A. Nielsen, former Ensign Peak Advisor Sr. Portfolio Manager. |
| 02/13/2020 | Minute Entry for Motion to Dismiss Complaint heard 2/13/2020 before Chief Judge Robert J. Shelby |
| 03/30/2020 | MOTION for Leave to File Amended Complaint (AC). |
| 03/31/2020 | ORDER granting 6 MTD w/o prejudice. 32 Gaddy may file the same or a revised motion (in light of the Order). |
| 05/18/2020 | The [First] Amended Complaint ([F]AC) is filed. |
| May, 2020 | Unknown date in May, 2020, Def. publishes on its official website, a video of Pres. Russel M. Nelson demonstrating how the Book of Mormon was created by placing the seer stone(s) in a hat, "plates usually covered." The video was no referenced in the [F]AC due to the date it was first published. |
| 07/31/2020-08/01/2020 | Social Media interview of Egyptologist Robert K. Jr., Ritner and subsequent discussion thread of 08/14/2020 re: recently revealed lead plate used for the Book of Abraham Facsimile no. 3. Plate shows scrape marks where the papyrus depiction of the snout of jackal-heeded god Anubis was likely scraped off in order for the figure to appear human in the facsimile. |
| 11/10/2020 | MOTION for Leave to File Add' l Exhibit to A/C re Anubis snout alteration posted mid 08/14/2020. |
| 01/05/2021 | Minute Order. Proceedings before Judge Robert J. Shelby: ZOOM MTD & Mtn to Supp. w/ Lead Plate Exhibit & Judicial Notice of Brown Seer Stone. Hearing held on 1/5/2021. Mtn to Supp. w/ lead plate exhibit granted *should* |

|  | plaintiff's AC survive the MTD. Judicial Notice Mtn. denied. MTD [F]AC taken under submission. |
|---|---|
| 02/17/2021 | Plaintiff's MOTION for Leave to File "Motion for Leave to File Second Amended Complaint." Proposed 2AC submitted. [1] |
| 03/24/2021 | ORDER denying 80 Motion for Leave to File 2AC as Moot. |
| 05/28/2021 | MOTION to Amend/Correct 85 MOTION for Leave to File 2AC. *This motion was made to correct inadvertent omissions in the prayer such as a prayer for prejudgment interest on easily calculable special damages.* |
| 06/03/2021 | Williams v. Kingdom Hall, 2021 UT 18, 491 P.3d 852 held courts should eschew application of a rigid formula when analyzing Establishment Clause cases, disavowing the Lemon test and abrogating Franco v. the COJCOLDS, 21 P.3d 198, which denied a fiduciary duty b/w clerics & parishioners. |
| 06/14/2021 | ORDER granting 95 Motion to Amend/Correct per 97 Notice of Non-Opposition. Plaintiff granted leave to amend proposed 2AC. Motion for Leave to File 2AC pending. *This is the Order allowing the amendment to the Prayer for Damages.* |
| 06/17/2021 | Fulton v. City of Philadelphia, 141 S. Ct. 1868 (2021) declines to reconsider *Employment Div., Dept. of Human Resources of Ore. v. Smith,* 494 U.S. 872, 877, 110 S.Ct. 1595, 108 L.Ed.2d 876. though urged to overturn that case by COP, Defendant in the case at bar's amicus brief. |
| 07/28/2021 | MEMORANDUM DECISION & ORDER granting in part and denying in part 38  MTD the [F]AC. Order denied the MTD as to the RICO claim alleging fraud re tithing misrepresentations about City Creek Mall. |
| 09/27/2021 | 2AC filed. *This is the first chance to add President Nelson's May 2020 video demonstration. The motion was filed about a month ago.* |
| 10/05/2021 | MOTION to Amend/Correct 105  *This is in the nature of an errata with formatting errors.* |
| 10/15/2021 | ORDER granting 105 106 Motion for Leave to File 2AC & Motion to Amend. Court directs Gaddy to make all changes referenced in her Motion to Amend and any other necessary edits so that the 2AC contains all operative allegations in this case. |
| 10/22/2021 | 2AC Filed. New Plaintiffs: Lyle D. Small, Leanne R. Harris. New Defendants: DOES 1-50 |

---

[1] Due to the lack of clarity concerning when a movant should file a motion to amend under Tenth Circuit case law,  i.e. after oral argument and before decision on a motion to dismiss (MTD) or after the MTD has been ruled upon, a motion for leave to file a motion to file a second amended complaint (2AC) was made.

| 12/14/2021 | Stipulated MOTION for Ext. of Time to file Reply to Opp. to MTD 2AC *requested by DC.* |
|---|---|
| 01/07/2022 | REPLY to Response [Opp] to Motion re MTD 2AC **111**   Based on *Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000)* Def. was asked to stipulate to the proposed 3AC on Jan. 3, 2022. They would not. After gathering additional facts re the effect of the specific fraud allegations, about 3 weeks later the Motion for Leave to file the proposed 3AC is filed. |
| 01/28/2022 | MOTION for Leave to File Proposed 3AC filed. |
| 02/10/2022 | Stipulated MOTION Ext. of Time to File Response [Opp.] to Mtn for Leave to File 3AC request by Def. |

**2**. **Most Versions of the Complaint have been filed due to Vagaries in the Law re: Time to Move to Amend, Incremental Disclosures by COP of Previously Concealed Material Facts/Artifacts, or Significant Changes In the Applicable Law .**

a. *Plaintiffs can file an amended complaint prior to the filing of a responsive pleading*.

The AC [hereinafter FAC or [F]AC] was filed due to an issue of sincerity discussed at oral argument and also due to tithing allegations disclosed in the IRS Whistleblower Complaint, first publicized in December 2019. Since Plaintiff may file an amended complaint prior to defendant filing a responsive pleading, and because a motion to dismiss is not a pleading, the FAC was allowed to be filed as a matter of right.

> Fed.R.Civ.P. 15(a) provides that a party may amend its pleadings once as a matter of course at any time before a responsive pleading is served. Recognized pleadings are listed in Fed.R.Civ.P. 7(a) as a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer... Ordinarily, a motion to dismiss is not deemed a responsive pleading. (Citation omitted.)

Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 370 (10th Cir. 1989)

See also Vincent v. Utah Plastic Surgery Soc., 621 F. App'x 546, 551 (10th Cir. 2015).

"After a motion to dismiss has been granted, plaintiffs must first reopen the case

4

pursuant to a motion under Rule 59(e) or Rule 60(b) and then file a motion under Rule 15, and properly apply to the court for leave to amend..."

*Glenn v. First Nat'l Bank in Grand Junction, at* 371 (10th Cir. 1989).

b. *Some of the Amendments were Errata, Correcting Formatting Errors Filed before a Responsive Pleading.*

Pleadings labeled as an Errata and Motion to Amend, numbers 90 and 10, respectively, were errata filed largely due to formatting errors.

| 03/31/2021 | 90 | ERRATA to 85 Plaintiff's MOTION for Leave to File 2AC. *This was filed within 2 weeks after Plaintiff filed the motion for leave to file a 2AC [dkt 85] on 03/17/2021 and corrects five small errors in the proposed 2AC (Dkt 85-1)* |

The Motion to Amend (Dkt #106) filed 10/05/2021 was filed a week after the 2AC was filed and was also due to formatting errors in the 2AC such as a row of text automatically removed from the Word document during .pdf conversion prior to filing.

c. *Except for the Prayer Amendment [Dkt 95], the Remaining Motions to Amend were Made Due to Recent Disclosures of Material Fact by Defendant or Because of a Significant Change in the Law*

i *President Nelson's Video demonstration was not known at the time of filing the [F]AC.*

The [F]AC filed 05/18/20 [dkt 37] makes no reference to Pres. Nelson's video demonstration because it was likely not even published at that time; and if it was, had only been published at most for about two weeks before the filing of the [F]AC.

5

ii. Although a proposed 2AC was filed prior to June 2021, significant changes in the law occurred in June 2021 that required revisions to the proposed 2AC.

In June of 2021 significant changes and clarifications were made to the law applicable in this case. Williams v. Kingdom Hall recognized changes in the application of the Establishment Clause which also affects the Church Autonomy Defense, especially in the context of a duty to disclose material information. By radically revising the application of the Establishment Clause calling out the demise of the Lemon test, Williams also specifically abrogated Franco *supra*., which denied a fiduciary relationship between a church and its parishioner.

iii. Disclosures made in COP' Reply of 08/23/2021 in the Huntsman case provided yet another previously concealed material fact re: COP's claim that it did not consider its enormous return on investment of tithing principal to be anything that it had a duty to disclose to its members, despite the fact that tithing principal used for humanitarian aid was just a tiny percentage of that amount earmarked deposit into its investment fund.

Although undersigned counsel read the MSJ and Mr. Huntsman's opposition, and incorporated the Declaration of David A. Nielsen into the 2AC filed in October 2021, she did not at that time read the reply brief filed in August 23, 2021, which made significant admissions by Defendant as to how it characterizes tithing. The opposition filed by Mr. Huntsman only hinted at what Huntsman believed the Church was trying to do in distinguishing between tithing principal and interest. But in the Reply, COP explained in detail its theory that the ROI on tithing principal (however that return is generated, i.e. whether from investing cash, securities or buying and even developing

6

vast amounts of land for commercial purposes) is not considered by COP to be tithing.

At that time and for two months thereafter until the revised 2AC was filed on 10/22/2021, counsel was revising the 2AC in accordance with the changes in the law which occurred in June of 2021. Therefore, it was not until COP filed its Motion to Dismiss the 2AC on or about Dec. 13, 2021 that Plaintiffs recognized, through citing of the Koch case that Rule 9 requires a factual basis for allegations made upon information and belief even where that information is exclusively within the control of a corporate defendant, as alleged in the 2AC ¶204. At that time Counsel reviewed the Huntsman Reply and realized that the key fact in the tithing misrepresentations (apart from the affirmative misrepresentations re: City Creek) was how COP defined "tithing" to exclude investment on tithing principal. Further, that "tithing" donations made by faithful members were considered income by COP or "return on investment" which arguably did not alert the average LDS faithful member to how their tithing donations were used.

3. **This Case Is Distinguished From Llacua In That Plaintiffs' Delay was not due to Gamesmanship. Any Delay was Relatively Brief & in Part, Requested by Def.**

Llacua v. W. Range Ass'n, 930 F.3d 1161, 1189–90 (10th Cir. 2019) found that Plaintiffs had "engaged in strategic gamesmanship instead of acting out of surprise or the acquisition of new information." Id. at 1189. The court also found Plaintiffs had "[failed] to offer a convincing explanation for the delay" Id. at 1190.

Plaintiffs herein have acted reasonably quickly in response to new information. Plaintiffs' counsel was focused on drafting new 2AC allegations in accordance with the previously identified and significant changes in the law. As such, she was not aware of

COP's claimed definition of tithing as excluding ROI of tithing principal, as admitted in the Huntsman Reply filed 08/23/2021 until after she filed the 2AC on 10/22/2021. During that time counsel was preparing for a 12/13/2021 trial and drafting the opposition to the MTD the 2AC due 12/10/2022.  It was after reading the MTD the 2AC in conjunction with the Huntsman Reply that she learned of COP's limited definition of tithing.

Plaintiffs added those allegations in their Motion for Leave to file a 3AC filed 1/28/2022, about three weeks after COP replied to the Opp. to the MTD the 2AC. The changes in applicable law (Williams & Fulton) and surprise that the Tenth Circuit requires under Fed. Rule of Civ. Proc. Rule 9 that fraud be pleaded not only with specificity, but that the basis for fraud alleged upon information and belief (even when the actions of Def. are peculiarly within its custody and control and unknown to Plaintiffs) be alleged and the consequences of a particular fraud allegation per *Koch*.

Unlike Andrx Pharms., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1236–37 (11th Cir. 2005), cited in Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006), Plaintiffs did not wait more than a year to amend. "*See Smith v. Duff & Phelps, Inc.,* 5 F.3d 488, 493 (11th Cir.1993) (finding no abuse of discretion where litigant waited more than a year to seek leave to amend after it was put on notice that its claim was defective)." Andrx, supra at 1236–37.

**4. No Prejudice Inures Due to Plaintiffs' Use of a Precise Distinction between Tithing Principal & ROI of Principal (Instead of the Simple Term "Interest"),**

In the 2AC filed 0/22/2022 Plaintiffs used the term "interest" on tithing principal, whereas in the proposed 3AC that term is replaced with the more accurate concept of

"return on investment" of tithing principal which covers the extensive commercial real estate development in addition to cash and/or securities investments via the EPA fund. Plaintiffs also make a mathematical comparison of the amount of tithing principal deposited in EPA, with the amount of tithing that COP has historically spent on humanitarian aid. Defendant cannot make a credible claim of undue prejudice.

**5. While Acknowledging this Court's Discretion, Plaintiffs Respectfully Argue that Justice Requires Leave be Granted.**

"The court should freely give leave [to file an amended complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2)." Plaintiffs acknowledge the Court's broad discretion in whether to allow another amended complaint.

Plaintiffs ask the Court to consider the imbalance of power between the parties in ruling for Plaintiffs. Defendant has accumulated a huge stockpile of assets taken from its faithful and trusting members under false pretenses. But for its fraudulent taking, it would not have the hundreds of billions of dollars of cash, stocks, bonds and real estate, that constitute Defendant's commercial empire.

Respectfully Submitted,

DATED this 11th day of March, 2022.           Kay Burningham, Attorney at Law

/s/ Kay Burningham
Kay Burningham

*Attorney for Laura A. Gaddy, Lyle D. Small and Leanne R. Harris*