Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street, #1375
Salt Lake City, Utah 84111
Phone: 1.888.234.3706

*Attorney for Plaintiffs Laura A. Gaddy,
Lyle D. Small and Leanne R. Harris*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, **LYLE D. SMALL, LEANNE R. HARRIS,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**[The] CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole and DOES 1-50<br><br>*Defendant* | **PLAINTIFFS' RULE 60(B) MOTION for RELIEF FROM JUDGMENT**<br><br>**2:19-cv-00554-RJS-DBP**<br><br>Chief Judge: Robert J. Shelby<br><br>Chief Magistrate Judge: Dustin B. Pead |

Pursuant to Fed. R. Civ. P. 60(b)(1), Plaintiffs hereby move the Court to vacate its judgments of dismissal and order denying leave to file a third amended complaint. The motion is based upon the following Memorandum of Points and Authorities, the Declaration of Kay Burningham in support thereof, the proposed revised third amended complaint, and the pleadings on file herein, in particular the Court's Order of March 28, 2023, Dkt #133, and prior Order of July 28, 2021, Dkt #100.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. <u>Fed. R. Civ. P. 60(B)(1) Allows Relief from a Final Judgment or Order Through Inadvertence or Excusable Neglect.</u>

Although discretionary with the trial court, and not expressly a motion for reconsideration as allowed in some jurisdictions, Fed. R. Civ. P. 60(b) provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60

2. <u>Short History of Facts Supporting the Motion's Request for Relief</u>

On July 28, 2021, the Court issued its Order granting in Part and Denying in Part Defendant's Motion to Dismiss. Dkt 100. The Court wrote that "...if the First Amendment applies 'to the statements and materials on which plaintiffs have based their claims, then the plaintiffs have no claim for which relief may be granted'." The footnote cited reads:

> 85 *Id.* Additionally, a heightened pleading standard applies when fraud is alleged. Under this standard, "a party must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). Thus, Fed. R. Civ. P. 9(b) generally requires a plaintiff "to identify the time, place, and content of each allegedly fraudulent representation or omission, to identify the particular defendant responsible for it, and to identify the consequence thereof." Hafen v. Strebeck, 338 F. Supp. 2d 1257, 1263 (D. Utah 2004) (citation omitted).

Atchison, T. & S. F. Ry. Co. v. State, 1909 OK 30, 23 Okla. 210, 100 P. 11, 14

As set forth in the Declaration of Kay Burningham in support of this motion, a reading of *Hafen* focused her attention on the specifics of [mis]representation made

by Defendant, i.e., time, place and content, as well as who made the representation. Nevertheless, review of the Amended Complaint after reading Hafen did not bring to her attention a way in which that complaint was deficient under Fed. R. Civ. P. 9. She believed that that she had specified in more than conclusory fashion, "the time, place, and representations [made by Steinbeck] sufficiently under Fed. R. Civ. P. 9(b) to state a claim of fraud." Hafen, 338 F. Supp. 2d 1257. Not recognizing what it was that was deficient, the Second Amended Complaint was filed on October 22, 2021.

However, after reading the Court's Order of March 28, 2023, for a second time, wherein the Court analyzed specifics of the Fed. R. Civ. P. 9 deficiencies as applied to Plaintiffs' claims in depth, and after reading the Court's citations to George v. Urb. Settlement Servs., 833 F.3d 1242, 1255–56 (10th Cir. 2016), and that case in full, she realized her inadvertent omissions under Fed. R. Civ. P. 9 and that among other allegations, the general allegations regarding the oral contract, should have been pleaded with particularly. [1]

    3. <u>Excusable Neglect, & Arguably, Inadvertence, include Counsel's Omissions.</u>

Although the undersigned did not locate a case specifically addressing the inadvertence prong of Fed. R. Civ. P. 60(b)(1), "inadvertence" is defined in the Oxford Dictionary as "not resulting from or achieved through deliberate planning." Additionally, "excusable neglect" has been held to include Counsel's neglect in the context of a

---

[1] The George Court found that "**taken as a whole** [plaintiffs' allegations] sufficiently apprised [defendant] of its alleged role in the overall scheme to defraud borrowers and of its involvement in the alleged predicate acts of mail and wire fraud..." George v. Urb. Settlement Servs., 833 F.3d 1242, 1257 (10th Cir. 2016).

3

missed deadline. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

"[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence." Pioneer Inv. Services Co., 507 U.S. at 394. The Tenth Circuit Court of Appeals has construed the phrase "excusable neglect" in the context of a motion to set aside a default judgment to mean giving little attention to a mistake especially through carelessness. "The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at Pioneer Inv. Services Co., 507 U.S. 380 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983). Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005).

Relief based on excusable neglect must be litigated on the merits, the trial court "resolving all doubts in favor of the party seeking relief." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1445 (10th Cir. 1983). "[T]he 'whole purpose' of Rule 60(b) 'is to make an exception to finality.' (Cleaned up.) Johnson v. Spencer, 950 F.3d 680, 702 (10th Cir. 2020).

4. Substantial Justice would be Served by Granting Plaintiffs' Motion

Jennings explains that Fed. R. Civ. P. 60 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.' " The court notes that Fed. R. Civ. P. 60 "should be liberally construed when substantial justice will thus be served." Jennings, 394 F.3d at 856.

4

Additionally, the court is allowed to consider facts outside the pleadings:

> Rule 60(b) operates to relieve a party from judgment only upon such terms as are just. It is an extraordinary procedure that permits the court which rendered judgment to grant relief from the judgment upon a showing of good cause within the rule. See 6A Moore's Federal Practice P 60.02; 7 Moore's Federal Practice P 60.19. The rule concerns matters outside the issues raised and considered by the court in reaching its judgment.

Brown v. McCormick, 608 F.2d 410, 413 (10th Cir. 1979).

5. <u>Allowing the Proposed 3rd Amended Complaint to Proceed would be Just.</u>

As shown in the revised proposed Third Amended Complaint, the facts supporting Plaintiffs' tithing claims exist, but were not previously pleaded. Those claims are now limited to claims about the use of Plaintiffs' tithes.

Plaintiffs ask the Court to find counsel's omissions of particularity under Fed. R. Civ. P. 9, as inadvertent or excusably neglectful in light of the personal information set forth in her Declaration. The Court is requested to consider those facts as a basis for vacating the final judgment in its recent Order and allowing Plaintiffs to file the attached amended pleading.

Over the decades Defendant has made hundreds of changes to its publications and artwork. But for the Church Autonomy Doctrine, it is likely that Defendant would be held liable for fraud in a secular court. Plaintiffs have, for purposes of this motion, abandoned the litigation of Defendant's actions and omissions concerning its history and origins of its scripture.[2]

---

[2] This should not be construed as a waiver of Plaintiffs' right to appeal any issues appealable in this case.

However, should the Court agree with counsel's arguments and find inadvertence or excusable neglect under Rule 60(b), and feel that substantial justice would be served by allowing the case to go forward in this manner, Plaintiffs would very much like to proceed with the fraud-based claims concerning Defendant's conduct related to how Plaintiffs' hard earned and dedicated payment of tithing was used.

          Respectfully Submitted,

DATED this 25TH day of April 2023    Kay Burningham, Attorney at Law

/s/ Kay Burningham
Kay Burningham

*Attorney for Laura A. Gaddy, Lyle D. Small and Leanne R. Harris*