David J. Jordan (#1751)
djordan@foley.com
Wesley F. Harward (15623)
wharward@foley.com
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT  84111
Telephone: (801) 401-8900

*Attorneys for Defendant Corporation of the President*
 *of The Church of Jesus Christ of Latter-day Saints*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, LYLE D. SMALL, and LEANNE R. HARRIS individually and on behalf of all others similar situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>Defendant. | **OPPOSITION TO PLAINTIFFS' RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT**<br><br>Case No. 2:19-cv-00554-RJS-DBP<br><br>The Honorable Robert J. Shelby<br>The Honorable Dustin B. Pead |

Pursuant to DUCivR 7-1, Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("Defendant") submits this memorandum in opposition to Plaintiffs Laura A. Gaddy, Lyle D. Small and Leanne R. Harris's ("Plaintiffs") Rule 60(b) Motion for Relief from Judgment ("Motion").

**INTRODUCTION**

Plaintiffs' request to set aside this Court's judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is improper and should be denied.  Rule 60(b) relief is "extraordinary" and is not intended to allow a losing party to advance new legal arguments or reargue legal

4887-6263-3057.3

theories.  Instead, the Rule is generally intended to allow for the correction of procedural mistakes (such as missed deadlines) or other instances of "excusable neglect."  Plaintiffs' claims have been the subject of *hundreds of pages* of briefing, multiple hearings, and several written orders.  Plaintiffs were given ample time and ample opportunity to plead their claims and advance their arguments over the past four years.  Rule 60(b) does not apply and Plaintiffs' Motion should be denied.

## ARGUMENT

Plaintiffs ask this Court to set aside its judgment to allow them to re-plead their case because their failure to properly plead was due to "inadvertence" and "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). Relief under Rule 60(b)(1) is "extraordinary and may only be granted in exceptional circumstances," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996), and taking "account of all relevant circumstances." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[1]

The Motion should be denied. ***First***, the type of "inadvertence" and "neglect" Plaintiffs describe is not remediable by Rule 60(b). Plaintiffs ask this Court to allow them to assert new arguments and legal theories based on existing facts they failed to previously assert and to remedy intentional pleading choices they made throughout the pendency of this case. Rule 60(b) is not a remedy for such conduct. ***Second***, the circumstances otherwise do not justify granting

---

[1] Plaintiffs bear the burden to demonstrate entitlement to relief under Rule 60(b).  *See, e.g.*, *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990); *Sweet v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, No. 2:16-cv-225, 2019 WL 3306029 (D. Utah July 23, 2019).

Plaintiffs the relief they seek. Among other things, the reasons Plaintiffs offer for their purported inadvertence and neglect are not sufficient as a matter of law or under the circumstances here, and Defendant will suffer substantial prejudice if Plaintiffs' request is granted.

I.  **Plaintiffs Cannot Obtain the Relief They Seek Under Rule 60(b)(1).**

Plaintiffs ask this Court to set aside the judgment to relieve them of pleading failures they made across multiple attempts to plead their claims. In this respect, Plaintiffs seek to use Rule 60(b)(1) to advance new arguments and legal theories. Apparently, Plaintiffs are unhappy with the pleading choices they made in their prior complaints and now wish (again) to attempt to replead their claims. Rule 60(b) cannot remedy these failures.

First, it is well-settled that Rule 60(b) may not be used to re-argue or raise new arguments or legal theories, particularly when the facts and evidence were available to the litigant earlier. *See, e.g.*, *LeBahn v. Owens*, 813 F.3d 1300, 1307-08 (10th Cir. 2016) ("[A] party may not use Rule 60(b) to raise arguments that could have been raised earlier."); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("We have also held that Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."); *Cracraft v. Utah Valley University*, No. 2:19-cv-397-TC, 2021 WL 872290, *4-6 (D. Utah Mar. 9, 2021) ("[Plaintiff's] apparent misunderstanding or ignorance of legal claims—which, according to him, are based on facts he already knew—is not reason to allow him to serially amend his complaint, particularly after final judgment has been entered."). Yet this is exactly what Plaintiffs seek to do.

4887-6263-3057.3

Second, although Plaintiffs label their pleading failures as inadvertent omissions and neglect, they are not. As this Court has already acknowledged, Plaintiffs *chose* to repeatedly re-plead their claims. *See* 3/28/23 Order at 2, 17, 55. Courts in this circuit have repeatedly held that conscious, counseled litigation choices cannot be remedied through Rule 60(b). *See*, *e.g.*, *Yapp v. Excel Corp.*, 186 F.3d 1222 (10th Cir. 1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577-78 (10th Cir. 1996) ("Rule 60(b)(1) is not available to provide relief when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action); *see also Wright v. Hickman,* 36 Fed. App'x 395, 400 (10th Cir. 2002) (counsel's failure to include supporting documents responsive to motion for summary judgment was a deliberate decision under Rule 60(b)(1)) (unpublished).

II. **Plaintiffs Have Not Shown the Circumstances Justify Relief Under Rule 60(b).**

Even assuming Rule 60(b) could apply to remedy Plaintiffs' deliberate pleading decisions (which it cannot), the circumstances do not justify granting the relief Plaintiffs seek. To evaluate excusable neglect, courts in the Tenth Circuit typically consider the *Pioneer* factors, which include (1) the "danger of unfair prejudice to the [nonmoving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason" offered, including whether the failure was "within the reasonable control of the movant," and (4) "whether the movant acted in good faith."[2] *See, e.g.*, *Wey Investments, LLC v. Lindstrom,* No. 2:22-CV-234 TS, 2022 WL

---

[2] Many excusable neglect cases involve missed filing deadlines, which is not at issue here. See, e.g., Torres, 372 F.3d at 1162-64; *Wey Investments, LLC v. Lindstrom,* No. 2:22-CV-234 TS,

4

2704804, at *1 (D. Utah June 7, 2022) (citing *Pioneer Inv. Servs.*, 507 U.S. at 395). The reason behind the omissions or neglect is the most important factor. *See id.* (citing *Torres*, 372 F.3d at 1163).

  A. <u>Plaintiffs' Reasons Do Not Justify Relief.</u>

  Plaintiffs offer two reasons for their requested relief. First, they assert they did not realize what Rule 9(b)'s particularity required until after reading this Court's March 28, 2023 order twice. But it is well established that ignorance of or misinterpretation of procedural rules is not Rule 60(b)(1) inadvertence or excusable neglect. *See, e.g.*, *Torres*, 372 F.3d at 1163-64 ("defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless the word 'excusable' is to be read out of the rule" (bracket and citation omitted); *Otoe Cty. Nat. Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883-84 (10th Cir. 1985) (no relief under Rule 60(b)(1) for mistaken understanding of law); *Wey Invs., LLC v. Lindstrom*, No. 2:22-CV-234 TS, 2022 WL 2704804, at *1 (D. Utah June 7, 2022) ("[C]ounsel's failure to follow a clear rule cannot be grounds for excusable neglect.").

  Rule 9 of the Federal Rules of Civil Procedure unambiguously requires fraud-based claims to be pled with particularity. *See* Fed. R. Civ. P. 9(b). And the particularities that must be pleaded are well-established in this Circuit. *See, e.g.*, *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016); *Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1263 (D. Utah

---

2022 WL 2704804, at *1. Nevertheless, these factors are instructive tools for evaluating Plaintiffs' request.

4887-6263-3057.3

2004). Plaintiffs' counsel should have been aware of, or able to research, these settled pleading requirements.[3]

### B. The Prejudice to the Defendant Would Be Substantial.

Next, Defendant will suffer substantial prejudice if this Court sets aside the judgment and allows Plaintiffs to reopen this case to again re-plead their claims. As this Court has already observed, Plaintiffs have already had three opportunities across nearly four years to amend their complaint. Defendant has thus already suffered prejudice in having respond to each unsuccessful amendment (as well numerous other filings and motions). Forcing Defendant to respond to yet another pleading attempt will be substantially prejudicial.[4] *See* 3/28/23 Order at 55-56.

### C. The Other Factors Do Not Justify Relief.

Finally, the circumstances surrounding the other *Pioneer* factors do not justify relief. As to impact on this case, Plaintiffs have had (and have taken) multiple opportunities to plead their claims. Thus, Plaintiffs' failure to effectively deal with their pleading problemsbefore judgment was entered has already substantially and detrimentally impacted these proceedings. Plaintiffs

---

[3] Plaintiffs' counsel's medical issues do not provide grounds for relief under Rule 60(b). Although Courts have considered medical issues as "excusable neglect" when counsel missed a deadline or failed to provide a response, that is not what happened here. Plaintiffs' claims were repeatedly adjudicated on the merits. And Plaintiffs were given multiple chances to replead those claims.

[4] Because Plaintiffs are not entitled to Rule 60(b) relief for the reasons discussed, the viability of the proposed Third Amended Complaint is irrelevant. *See, e.g., The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) ("This court has repeatedly and unequivocally held that, once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." (bracket, citation, and internal quotation marks omitted)). Regardless, Defendant believes Plaintiffs' revised third amended complaint contains the same or substantially similar defects as their previous complaints.

should not now be permitted another bite at the apple. *See, e.g.*, *Walker v. Board of County Comm'rs of Muskogee County*, 999 F.2d 548, 1993 WL 261946, at *1 (10th Cir. 1993) (unpublished) (rejecting request for relief under Rule 60(b)(1) to allow plaintiff to amend complaint where the plaintiff's justification was that "he was not aware of the deficiencies of his pleadings before this court issued its opinions on the direct appeal and the motion for rehearing," yet the plaintiff had had "numerous opportunities to seek leave to amend his complaint").

In short, Plaintiffs have not shown that exceptional circumstances exist such that granting the Motion will serve the demands of substantial justice. *See generally Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005); *Cashner*, 98 F.3d at 576.

## CONCLUSION

For the reasons set forth above, the Motion should be denied.

DATED:  May 9, 2023.

                              FOLEY & LARDNER LLP

                              */s/ David J. Jordan*
                              David J. Jordan
                              Wesley F. Harward

                              *Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

4887-6263-3057.3

## CERTIFICATE OF SERVICE

On May 9, 2023, I caused a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFFS' RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT** to be served via the Court's electronic filing system upon the following:

>Kay Burningham
>Kay Burningham, Attorney at Law
>299 S. Main Street, Suite 1375
>Salt Lake City, Utah 84111
>kay@kayburningham.com

*/s/ Rose Gledhill*

4887-6263-3057.3