Kay Burningham (#4201)
kay@kayburningham.com
Kay Burningham, Attorney at Law
299 South Main Street #1375
Salt Lake City, Utah 84111
Phone: 1.888.234.3706

*Attorney for Plaintiffs Laura A. Gaddy,
Lyle D. Small and Leanne R. Harris*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **LAURA A. GADDY**, **LYLE D. SMALL, LEANNE R. HARRIS,** individually and on behalf of all others similarly situated, *Plaintiffs,* v. **[The] CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,** a Utah corporation sole and DOES 1-50 *Defendant* | **REPLY TO OPPOSITION TO FRCP RULE 60(B) MOTION** **2:19-cv-00554-RJS-DBP** Chief Judge: Robert J. Shelby Chief Magistrate Judge: Dustin B. Pead |

Plaintiffs submit the following points and authorities in reply to Defendant's opposition.

### ARGUMENT

1.  <u>The Case at Bar involves Exceptional Circumstances. Equity, Truth and Justice call for holding the Church Accountable.</u>

Taking into account all relevant circumstances, the Court in its discretion, may and should grant the "extraordinary request" to vacate its judgment because this case deals with "exceptional" circumstances. [Dkt 133, p. 2.] Vacatur would allow the possibility of a

1

third amended complaint where Plaintiffs can plead their elements of fraud, not only with the specificity that they have previously and extensively pleaded as to the time, place and content of the allegedly fraudulent representations, but as to the remaining elements of their fraud claims, including particularity with respect to reliance. *See also* 12 James Wm. Moore, et al., *Moore's Federal Practice* § 60.02 [2] (3d ed. 1999) providing that rule 60(b) allows "a court to grant relief from a judgment in circumstances in which the need for truth outweighs the value of finality in litigation". Robinson v. Baggett, 2011 UT App 250, ¶ 24, 263 P.3d 411, 421

2.  Rule 9 as applied to the fraud claims, including fraud in the inducement to enter an oral contract, does not require specificity as to *consequences*; alternatively Rule 9 as applied to the fraud claims herein is ambiguous.

Defendant agues in opposition that "...[t]he particularities that must be pleaded are well-established in this Circuit. *See, e.g.*, George v. Urb. Settlement Servs., 833 F.3d 1242, 1254 (10th Cir. 2016) {Dkt 139 at 5).

> And because Rule 9(b) requires a plaintiff to plead mail and wire fraud with particularity, the plaintiffs must "set forth the time, place and contents of the false representation, the identity of the party making the false statements *and the consequences thereof.*" [Emphasis added.] George at 1254.

It is the "consequences" aspect of George which is at least ambiguous, if not dicta, in incorrectly interpretating of Fed. R. Civ. P. 9. Precedent allows granting a Fed. R. Civ. P. 60(b) motion where a rule of law is ambiguous. In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 398, 113 S. Ct. 1489, 1500, 123 L. Ed. 2d 74 (1993) the appellate court granted a Fed. R. Civ. P. 60 b motion where it found "dramatic ambiguity" in the announcement by the bankruptcy court, which ambiguity led to counsel's missing a deadline for creditors. The Supreme Court discussed at length the

2

claimed ambiguity in the notice which was the reason that counsel failed to file in time. Id. at 1490. The Court upheld the lower appellate court's decision and found that "courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond party's control." Pioneer Inv. Services Co., 507 U.S. at 81

   a. Fed. R. Civ. P. 9's *particularity standards as applied to fraud claims is ambiguous.*

Nowhere in Fed. R. Civ. P. 9 is the word "consequences" found. **"(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b)

Case law applying the Fed. R. Civ. P. 9 mandate of particularity with respect to fraud addresses the representations themselves, that is the time, place and content of those representations. A plain reading of the rule leads is that it is the *circumstances* of the representations that need to be pleaded with particularly, that is the time, place, speaker or writer and the content of those representations, not the *consequences* of those [mis]representations.

With respect to the two cases cited by both the Court and Defendant, both courts spend most of their respective opinions addressing and confirming that the *fraudulent representations* were sufficiently pleaded with particularly. There is no analysis at all in the Hafen v. Strebeck, 338 F. Supp. 2d 1257 (D. Utah 2004) case as to anything other than the specificity of the representations. Hafen at 1264 [1] The Hafen court found that:

---

[1] "Under the particular circumstances of this case, we conclude that the plaintiffs' allegations, at this stage and **taken as a whole**, sufficiently apprised Urban of its alleged role in the overall scheme to defraud borrowers and of its involvement in the alleged predicate acts of mail and wire fraud." Hafen at 1264.

3

"Plaintiffs' Complaint sets forth the time, place, and representations made by Strebeck sufficiently under Fed. R. Civ. P. 9(b) to state a claim of fraud. Accordingly, Defendant's motion to dismiss Plaintiffs' first claim is denied." Hafen at 1264.

In George v. Urb. Settlement Servs., 833 F.3d 1242 (10th Cir. 2016) plaintiff homeowners who had been denied loan assistance under Home Affordable Modification Program (HAMP) filed a putative class action against the lender and its HAMP administrator, asserting RICO claims against both, and a claim for promissory estoppel against the administrator. Plaintiffs maintained that their allegations were "sufficiently specific to apprise both defendants of the time, place, and contents of the allegedly false misrepresentations made by BOA and Urban employees, thus satisfying Fed. R. Civ. P. 9(b)'s pleading standard." Id. at 1255. The George Court reasoned that "Fed. R. Civ. P. 9(b)'s purpose is 'to afford [a] defendant fair notice" of a plaintiff's claims and the factual grounds supporting those claims.'" 833 F.3d at 1255.

The consequences of defendants' fraud were analyzed in the context of plaintiffs' promissory estoppel, as opposed to the RICO predicate act of fraud. The George court found that "plaintiffs sufficiently allege reasonable and detrimental reliance and that their allegations, as a whole, "present a facially plausible claim of promissory estoppel." Id. at 1262. Thus, the reasonable and detrimental reliance allegations were discussed with respect to the claim for promissory estoppel, not fraud. Platinffs' allegations "as a whole" were found sufficient to satisfy Fed. R. Civ. P. 9 requirements. George at 1257. Koch v. Koch Indus., Inc., 203 F.3d 1202 (10th Cir. 2000) with respect to "consequences language." But Koch held that Plaintiffs' allegations with regard to the alleged *misrepresentations* were only alleged generally, with no "precise time

4

frame," or "place'" or "noting about the content." Koch at 1237

Language in Koch, related to *consequences* was not required as part of the legal reasoning to determine the decision of that court, and was therefore dicta. Koch at 1236 (10th Cir. 2000). There is no Fed. R. Civ. P. 9 requirement to plead the *consequences* of the fraudulent representation with particularity. Any standard for pleading *consequences* is dicta. The Rule requires particularity with respect to the *circumstances* of the alleged fraudulent representations. Fed. R. Civ. P. 9

The Court discussed Fed. R. Civ. P. 9 as applied to the First Cause of Action, (Dkt 133 at 34-37), writing that because Plaintiffs failed to plead the oral contract aspect of their fraud in the inducement to enter an oral contract, that they violated the Tenth Circuit's interpretation of Fed. R. Civ. P. 9. (Dkt 133 at 37). However, in the fraud in the inducement cause of action, it is the *fraudulent representation* part of the cause of action that counsel believed must be pleaded with particularity, since it is those representations that led Plaintiffs to enter into the quid pro quo contract whereby they paid 10 percent of their income to gain access to the LDS temple. While entering into an oral contract is certainly a consequence of Plaintiffs' belief in and reliance upon Defendants' [mis]representations, it is not that aspect of the claim that involves fraud. In the Second Amended Complaint (2AC) Plaintiffs pleaded that they would not have entered into the contract had they known that their leaders "...did not believe in the Book of Mormon translation process depicted in the art for the last 50 years (DKT 110, ¶395.) And, "Plaintiffs would not have entered into the contract had they known that a substantial portion of their tithing was used for the of City Creek Mall and/ or that the

Brethren did not believe that no tithing was used in the development of City Creek Mall." (Dkt 110, ¶396.)

In the 2AC, Plaintiffs pleaded President Hinkley's 2003 statement about City Creek with particularity and then allege that: "GADDY, SMALL and HARRIS and others like them heard or read this speech." (DKT 110 at 101 ¶237). What the Court points out as lacking are the specifics as to reliance and the consequences of that reliance. (Dkt 133 at 36-37) in anything other than a general way. As set forth in the Declaration of Kay Burningham, filed with the initial papers, after reading Hafen, counsel inadvertently failed to plead with particularity "the consequences thereof" portion of the fraud in the inducement claim, in part because the analysis in the Hafen, 338 F. Supp. 2d 1257 case did not address *consequences.*

As for the consequences, Plaintiffs allege in the 2AC, that they would not have continued paying tithing or remained in the church had they known the truth behind Defendant's enumerated correlated misrepresentations and concealment of stones, artifacts, original documents and information. Gaddy (DKT 110, ¶ ¶ 331 & 334.)  Small, (Dkt 110 ¶ ¶ 339 &341.)  And Harris (Dkt ¶ ¶ 344 & 345.)

United States v. Torres, 372 F.3d 1159 (10th Cir. 2004) (10th Cir. 2004, cited by Defendant, leaves open the possibility for excusable neglect or inadvertence where a rule is ambiguous as applied.

> Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998) suggested that: "Although ... we [leave] open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed." ...In our view, defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless "[t]he word 'excusable' *1164 [is to be] read out of the rule."

United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004)

b.  *Cashner acknowledges that a judicial error may be grounds for 60(b)(1) relief.*

Defendant argues Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996) for the proposition that "Fed. R. Civ. P. 60(b)(1) is not available to allow a party merely to reargue an issue addressed by the court...," or, in other words to address errors of law. Fed. R. Civ. P. 9 particularity with regard to consequences had not been discussed, let alone argued, prior to issuance of the Court's March 28, 2023 (Dkt #133)].Unlike Cashner, pleading "consequences," with particularity was not an issue previously addressed by the Court (having cited Hafen in a fn, which did not address the consequences portion of a fraud claim) (Dkt 100 at 14).

Cashner raised the issue of the district court's interpretation of a stipulation as a mistaken substantive ruling and that the mistake was a judicial one rather than a mistake by the parties. The Tenth Circuit permits a 60(b)(1) challenge to certain substantive mistakes in a district court's rulings. Cashner at 578. See also Kemp v. United States, 213 L. Ed. 2d 90, 142 S. Ct. 1856 (2022).

Additionally, unlike Cashner, counsel's failure to allege the consequences of the fraudulent misrepresentations with more particularity was not a deliberate action; instead, it was an inadvertent failure to plead with particularity the consequences of the many fraudulent representations made to Plaintiffs, and instead, proceeding with a literal reading of Fed. R. Civ. P. 9 where Plaintiffs pleaded with the requisite particularity the *circumstances* of the fraudulent misrepresentations. [2]

---

[2] Plaintiffs limited their clams in the revised proposed 3AC (DKT 135-2) to the tithing claims, due to the Court's chastisement on the length of the 2AC. However, the confusion around the failure to plead with particularity is applicable to all claims except for the material omissions and the emotional distress claims.

7

Finally, Defendant cites Cashner, which in turn cites Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991) as support for the rule that (60(b)(1) is not the vehicle for advancing new arguments or supporting facts which were available for presentation at the time of the original argument. Van Skiver at 1243 The Court cites Cashner at 577 for the proposition that "Fed. R. Civ. P. 60(b)(1) is not available to provide relief when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action." (Dkt 139, p. 4). But Cashner was a motion under 60(b)(6) as was Johnson v. Spencer, 950 F.3d 680, 703 (10th Cir. 2020) providing relief to movant under that section.

Kemp v. United States, 213 L. Ed. 2d 90, 142 S. Ct. 1856, 1865 (2022) holds that an error of law, when applied by the trial court, can be addressed through Rule 60(b)(1). The term *mistake* in Fed. R. Civ. P. 60(b)(1) includes a judge's errors of law, even if the error is not an obvious legal mistake and is subject to review under Rule 60(b)(1). "Nothing in the text, structure, or history of Rule 60(b) persuades us to narrowly interpret the otherwise broad term "mistake" to exclude judicial errors of law. Kemp v. United States, 213 L. Ed. 2d 90, 142 S. Ct. 1856, 1865 (2022). Kemp held that a motion for relief from judgment, asserting that the district court committed legal error by misapplying controlling law to record facts, was cognizable as a motion for relief from judgment on grounds of mistake.

3. The Cases Cited by Defendant are Distinguishable from Gaddy, et. al.

Unlike Torres, (DKT 133 at 5), the governing rule (Fed. R. Civ. P. 9) is ambiguous as applied. In United States v. Torres, 372 F.3d 1159 (10th Cir. 2004), defense counsel missed the deadline under the Federal Rule of Appellate Procedure for filing a notice of

appeal in criminal case. Torres id at 1163. That rule of procedure was cut and dried and needed no explanation or case law interpretation as to its application. United States v. Torres at 1163–64.

In Wey Invs., LLC v. Lindstrom, No. 2:22-CV-234 TS, 2022 WL 2704804, at *1 (D. Utah June 7, 2022) the parties stipulated to an extension, but counsel did not submit that stipulation to the court for approval in violation of local rule DUCivR 83-6. The court held that "the failure of a party to inform the Court of an extension does not constitute excusable neglect." Wey Invs., LLC at *1

The ambiguity in Otoe Cnty. Nat. Bank v. W & P Trucking, Inc., 754 F.2d 881 (10th Cir. 1985) [DKT 133 p. 5] was factual not legal. Otoe involved a dispute over whether the party moving to vacate had relied on advice of counsel, which counsel denied. It was the unrepresented party's understanding that an automatic stay issued in the corporation's bankruptcy case stayed proceedings against him. The court found that he was not represented by counsel. This was the trial court's determination of a fact, not law, which would not be overturned absent an abuse of discretion. Otoe at 883–84

4. <u>Defendant will suffer no appreciable prejudice should the Court vacate its order of dismissal. Plaintiffs acted promptly in moving to Vacate the Dismissal after issuance.</u>

The relevant factors are not enough to show prejudice to Defendant, especially since a determination of excusable neglect {inadvertence] is an equitable one. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Services Co., 507 U.S. at 395.

Factors on whether the granting of a Fed. R. Civ. P. 60(b) motion would prejudice the opposing party are couched in the context of a delay in bringing that motion. Clearly any granting of Fed. R. Civ. P. 60 motion would be somewhat averse to Defendant due to the additional time and expense in continuing with a case, but this is not the type of prejudice to be considered.

There is no prejudice to Defendant due to delay. The prejudice referenced in the Pioneer factors is the length of time that has passed since the judgment became final. The more time that has passed since the judgment became final, the more likely it is that the relying party will be prejudiced. Therefore, unless the party wishing to reopen the judgment moves to do so within a reasonable time after the judgment, relief should not be granted.

Defendant argues that Plaintiffs seek to use Fed. R. Civ. P. 60(b)(1) to advance new arguments and legal theories citing Lebahn v. Owens, 813 F.3d 1300, 1307–08 (10th Cir. 2016) However, Lebahn is distinguishable from this case. Mr. Lebahn's argument regarding Ms. Owens's status as a fiduciary could have been raised in opposition to her motion to dismiss, and the district court therefore did not abuse its discretion in denying Mr. Lebahn's motion for reconsideration under Fed. R. Civ. P. 60(b). Unlike the additional facts that could be pleaded as to specificity of "consequences" if the judgment is vacated, in LaBahn, the court found the fiduciary duty issue was "an entirely new legal argument that Appellant failed to raise before." Lebahn at 1308

Cracraft v. Utah Valley Univ., No. 2:19-CV-397-TC, 2020 WL 6135802, at *6 (D. Utah Oct. 19, 2020), aff'd, No. 21-4031, 2021 WL 5500604 (10th Cir. Nov. 24, 2021) unpublished, is not a 60(b)(1) case but denial of a motion to amend with respect to his

"fourth attempt to state [a] civil RICO claim against UVU" Id. at 11. The court found that not only was the claim likely to be futile due to expiration of the statute of limitations for RICO claims, but that "leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2) and that "The purpose of [Rule 5] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' (citations omitted) The Cracraft Court found that even under the injury-discovery rule, the RICO claims were likely time-barred and therefore allowing another amendment would be futile. Cracraft at *8

5. CONCLUSION

    Based upon the fact that Plaintiffs' counsel's failure to plead the consequences of the various alleged [mis]representations by Defendant, and that Rule (with respect to consequences as applied to the fraud claims in this case is at least ambiguous if not incorrect as applied, Plaintiffs request that the Court grant their motion to vacate.[3]

Dated: May 22, 2023                                              /s/ Kay Burningham

                                                                              Kay Burningham, Attorney at Law

*Counsel for Plaintiffs Laura Gaddy, Lyle Small and Leanne Harris.*

---

[3] The Word count for the Reply is 3,075 of the 3,100 allowed, excepting exclusions under the local rule.