IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAURA A. GADDY, LYLE D. SMALL, and LEANNE R. HARRIS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, and DOES 1-50, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT** <br><br> 2:19-cv-00554-RJS <br><br> Chief District Judge Robert J. Shelby |

Before the court is Plaintiffs' Rule 60(b) Motion for Relief from Judgment.[1]  Having

considered the briefing and attached affidavit and exhibit, the court concludes the Motion may be

resolved without oral argument.[2]  For the following reasons, the Motion is DENIED.

<u>**BACKGROUND AND PROCEDURAL HISTORY**</u>[3]

On August 5, 2019, Plaintiff Laura A. Gaddy filed a putative class action lawsuit against

the Corporation of the President of the Church of Jesus Christ of Latter-day Saints (the Church).[4]

Gaddy brought six causes of action on behalf of herself and others similarly situated, alleging the

Church was liable for fraudulent misrepresentations it made to induce membership.[5]  The Church

---

[1] Dkt. 135, *Rule 60(b) Motion*.

[2] *See* DUCivR 7-1(f).

[3] The court recites only those facts necessary to evaluate the merits of the Motion.

[4] Dkt. 2, *Complaint*.

[5] *See id.* ¶¶ 183–248.

moved to dismiss the Complaint with prejudice (First Motion to Dismiss), arguing Gaddy's

claims were barred by the Free Exercise and Establishment Clauses of the First Amendment (the

Religion Clauses).[6]

On March 31, 2020, the court concluded the Religion Clauses barred each of Gaddy's

claims and granted the First Motion to Dismiss without prejudice (the First Order).[7]  In

explaining the standards governing Gaddy's Complaint, the court noted:

> [A] heightened pleading standard applies when fraud is alleged.  Under this
> standard, "a party must state with particularity the circumstances constituting
> [the] fraud or mistake."  Fed. R. Civ. P. 9(b).  Thus, Rule 9(b) generally requires a
> plaintiff "to identify the time, place, and content of each allegedly fraudulent
> representation or omission, to identify the particular defendant responsible for it,
> and to identify the consequence thereof."  *Hafen v. Strebeck*, 338 F. Supp. 2d
> 1257, 1263 (D. Utah 2004) (citation omitted).[8]

Gaddy subsequently filed a Motion for Leave to File Amended Complaint (First

Motion to Amend),[9] which the court granted on account of the Church's Notice of Non-

Opposition to the Motion.[10]

Gaddy filed an Amended Complaint on May 18, 2020.[11]  Although more detailed

than her original Complaint, many of the claims, theories, and allegations in the

Amended Complaint were duplicative of the prior pleading.[12]  The Amended Complaint

did, however, advance a new theory of liability on a civil Racketeer Influenced and

Corrupt Organizations Act (RICO) claim based on alleged misrepresentations the Church

---

[6] Dkt. 6, *First Motion to Dismiss* at 12.

[7] Dkt. 33, *First Order of Dismissal.*

[8] *Id.* at 7 n.46.

[9] Dkt. 34, *First Motion to Amend*.

[10] Dkt. 36, *Order Granting First Motion to Amend*; *see* Dkt. 35, *Notice of Non-Opposition*.

[11] Dkt. 37, *Amended Complaint*.

[12] *Compare Complaint, with Amended Complaint.*

made concerning its use of tithing.[13]  The Church again moved to dismiss with prejudice

(Second Motion to Dismiss), relying largely upon the arguments raised in the First

Motion to Dismiss.[14]

In a Second Order, the court granted in part and denied in part the Second Motion to

Dismiss.[15]  The court dismissed all Gaddy's claims without prejudice, except for the civil RICO

claim relying on the new tithing theory of liability.[16]  The Second Order again noted the

heightened pleading standard for fraud claims.[17]

Rather than proceed on her surviving claim, Gaddy again moved to amend (Second

Motion to Amend).[18]  Because the Church did not oppose the request,[19] the court granted the

Second Motion to Amend.[20]  In granting the Second Motion to Amend, the court explicitly

directed Gaddy to "make all changes referenced in her Motion to Amend and any other

necessary edits so that the Second Amended Complaint contains all operative allegations in this

case."[21]

On October 22, 2021, Gaddy—joined by new Plaintiffs Lyle D. Small and Leanne R.

Harris—filed a Second Amended Complaint.[22]  Although the Second Amended Complaint

duplicated much of the First Amended Complaint, it added two new fraud-based claims and

---

[13] *See Amended Complaint* ¶¶ 2, 5, 6, 79, 200(C).

[14] *Compare* Dkt. 38, *Second Motion to Dismiss*, *with First Motion to Dismiss*.

[15] Dkt. 100, *Second Order*.

[16] *Id.* at 25–29.

[17] *Id.* at 14 n.85.

[18] Dkt. 105, *Second Motion to Amend*.

[19] Dkt. 107, *Response to Second Motion to Amend*.

[20] Dkt. 109, *Order Granting Second Motion to Amend*.

[21] *Id.* at 2.

[22] Dkt. 110, *Second Amended Complaint*.

greatly expanded its allegations concerning misrepresentations about religious teachings, Church history, and tithing usage.[23]

The Church moved for dismissal with prejudice a third time (Third Motion to Dismiss).[24] The Church first argued all claims based on religious teachings must be dismissed under the church autonomy doctrine.[25]  The Church next argued the claims based on tithing usage failed as a matter of law.[26]  Finally, the Church argued the Second Amended Complaint should be dismissed with prejudice as Plaintiffs continued to plead barred claims despite having multiple opportunities to amend.[27]

Before the court could rule on the Third Motion to Dismiss, Plaintiffs moved for leave to file a Third Amended Complaint (Third Motion to Amend).[28]  Plaintiffs argued the Third Amended Complaint would correct issues identified in the Third Motion to Dismiss by adding new factual allegations to support the fraud claims.[29]  The Church filed an Opposition, arguing the court should exercise its discretion to deny the Third Motion to Amend because Plaintiffs had been afforded multiple opportunities to plead and amendment was futile.[30]

---

[23] *See generally id.*

[24] Dkt. 111, *Third Motion to Dismiss*.

[25] *Id.* at 12–13.  As explained in the First Order, the church autonomy doctrine arises from the First Amendment's Religion Clauses and reflects "the fundamental right of churches to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002) (internal citation and quotations omitted).  Under this doctrine, courts are restrained from deciding ecclesiastical disputes.  *See id.* at 658.

[26] *Third Motion to Dismiss* at 13–26.

[27] *Id.* at 26.

[28] Dkt. 122, *Third Motion to Amend*.

[29] *Id.* at 2–8.

[30] Dkt. 126, *Opp. to Third Motion to Amend* at 3–10.

On March 28, 2023, the court issued a Memorandum Decision and Order dismissing with prejudice the Second Amended Complaint and denying the Third Motion to Amend.[31]  In dismissing the claims, the court concluded all claims relying on the Church's religious history and teachings failed under the church autonomy doctrine.[32]  The fraudulent inducement claim, based on the Church's tithing usage, was dismissed for failing to meet the particularized pleading standard required for fraud-based claims.[33]  Plaintiffs' claim for fraudulent nondisclosure failed because Plaintiffs could not establish the Church owed them a legal duty.[34]  The court next dismissed the claim for "constructive fraud based on a breach of promises of future promises," as it is not recognized under Utah law.[35]  Plaintiffs appeared to concede their Utah statutory claim, but even still, the court determined the claim could not survive because the statute provided no private right of action.[36]  Finally, Plaintiffs failed to plead the predicate acts required to establish their civil RICO claim.[37]

After dismissing all claims, the court concluded amendment would be futile because the proposed Third Amended Complaint contained the same flaws as the Second Amended Complaint.[38]  Additionally, the court concluded further amendment would prejudice the Church.[39]  Plaintiffs had been afforded three opportunities to plead their claims, and every time

---

[31] Dkt. 133, *Memorandum Decision and Order*.

[32] *Id.* at 26–28.

[33] *Id.* at 33–38.

[34] *Id.* at 41–43.

[35] *Id.* at 44–45.

[36] *Id.* at 45–46.

[37] *Id.* at 46–51.

[38] *Id.* at 52–55.

[39] *Id.* at 55–56.

they significantly expanded the allegations without addressing the deficiencies identified by the court.[40]

The next month, Plaintiffs filed the present Rule 60(b) Motion.[41]  Plaintiffs request the court "vacate its judgments of dismissal and order denying leave to file a third amended complaint."[42]  Plaintiffs attached an affidavit from their attorney (Affidavit) in support of the Motion and a revised proposed third amended complaint with an exhibit.[43]  The Motion is now fully briefed and ripe for decision.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 60(b) provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."[44]  The Rule seeks to strike a balance between the desire to preserve finality and the need to mete out justice.[45]  Thus, courts should liberally construe the Rule when necessary to serve substantial justice.[46]

While district courts have considerable discretion to vacate a judgment under Rule 60(b), this relief is "extraordinary and may only be granted in exceptional circumstances."[47]  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief

---

[40] *Id.*

[41] Dkt. 135.

[42] *Rule 60(b) Motion* at 1.

[43] Dkt. 135-1, *Decl. of Kay Burningham*; Dkt. 135-2, *Proposed Third Amended Complaint*; Dkt. 135-3, *Decl. of David A. Nielsen.*  Because the court concludes Plaintiffs are not entitled to Rule 60(b) relief, as discussed below, it does not evaluate the viability of the proposed third amended complaint.

[44] *Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) (internal quotations and citations omitted) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010)).

[45] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

[46] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019).

[47] *F.D.I.C. v. United Pac. Ins. Co.,* 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

from judgment."[48]  The Rule does not provide grounds for a party "to advance new arguments or supporting facts that were available but not raised at the time of the original argument."[49]

### ANALYSIS

The court first addresses the grounds for relief Plaintiffs raised in the Motion before turning to those raised in response to the Church's Opposition.

1. *Plaintiffs' Rule 60(b) Motion*

Plaintiffs argue they have demonstrated grounds for relief under Rule 60(b)(1) and substantial justice would be served by granting their Motion.[50]  But the Church argues, and the court agrees, that Plaintiffs have failed to state a basis for Rule 60(b)(1) relief.[51]

Rule 60(b)(1) provides relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect."[52]  Whether a party has established a justification for relief under this rule is an issue determined on the merits.[53]  The burden is on the moving party to plead and prove its justification.[54]  All doubts are resolved in favor of the party seeking relief.[55]

---

[48] *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991).

[49] *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016).

[50] *Rule 60(b) Motion* at 3–6.

[51] Dkt. 139, *Opp. Rule 60(b) Motion* at 3–6.

[52] Fed. R. Civ. P. 60(b)(1).

[53] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

[54] *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).

[55] *Id.*

Relevant here is the excusable neglect provision.[56]  In this context, neglect means "to give little attention or respect to a matter or . . . to leave undone or unattended to especially through carelessness or faultless omission."[57]  It "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."[58]  Neglect does not include deliberate and counseled litigation decisions made by the complaining party,[59] such as when a party "simply misunderstands the legal consequences of his deliberate acts."[60]  It follows that relief is not available to allow a party to advance "supporting facts which were available for presentation at the time of the original argument"[61]—the Rule is not intended to allow a party to "turn back the clock" on its mistakes "once the lesson is learned."[62]

To justify relief under Rule 60(b)(1), "neglect" must also be "excusable."[63]  Assessing excusability requires "taking account of all relevant circumstances surrounding the party's omission."[64]  Relevant factors include: "the danger of prejudice to the opposing party," whether

---

[56] Plaintiffs briefly argue for relief on grounds of "inadvertence" by quoting a dictionary definition of inadvertence and at one point arguing their attorney's inadvertent omissions of particular facts qualify for relief. *Rule 60(b) Motion* at 5.  Case law in this circuit holds that generally, "inadvertence by an attorney is not a basis for relief under Rule 60(b)(1)." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (explaining that an attorney's inadvertence is not categorically rejected under Rule 60(b)(1) but requires more to obtain relief under the Rule).  Plaintiffs do not address this case law, nor do they try to explain how the facts here qualify them for relief on grounds of inadvertence.  The substance of the Motion and Reply focus on the excusable neglect provision. *See Rule 60(b) Motion* at 2–5; Dkt. 140, *Reply Rule 60(b) Motion* at 1–8.  For these reasons, the court focuses its analysis on Plaintiffs' "excusable neglect" arguments.

[57] *Jennings*, 394 F.3d at 856 (cleaned up).

[58] *Id.* (internal citation and quotation omitted).

[59] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1991); *see Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x 505, 507–08 (10th Cir. 2012).

[60] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).

[61] *Hilliard v. Dist. Ct. of Comanche Cnty.*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal citations and quotations omitted).

[62] *Yapp*, 186 F.3d at 1231.

[63] Fed. R. Civ. P. 60(b)(1).

[64] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

the omission "was within the reasonable control of the movant, . . . whether the movant acted in

good faith, and "whether the mistake was a single unintentional incident (as opposed to a pattern

of [mistakes])."[65]   Ultimately, determining what sort of neglect is excusable is an equitable

consideration.[66]   Still, "[i]nadvertence, ignorance of rules, or mistakes construing the rules do not

usually constitute 'excusable' neglect."[67]

Plaintiffs argue their failure to plead facts sufficient to satisfy Rule 9(b)'s particularity

standard constitutes excusable neglect.[68]   They argue counsel "believed . . . she had specified in

more than conclusory fashion" the necessary facts to satisfy Rule 9(b) and only "realized her

inadvertent admissions" after reading the Memorandum Decision and Order and the cited cases

explaining what Rule 9(b) requires.[69]   They further assert the necessary facts "exist[ed], but were

not previously pleaded."[70]   As justification for her oversight, counsel submitted an Affidavit

outlining her health struggles between January 2021 and April 2023.[71]   In it, counsel stated she

"did not appreciate the specificity requirements of Rule 9" "due to [her] level of pain and lack of

sleep," until after obtaining relief through new medications and then re-reading the

---

[65] *See Jennings*, 394 F.3d at 856–57.  Some of these factors, known as the *Pioneer* factors, initially arose in the context of determining whether a delay in a bankruptcy filing was attributable to excusable neglect.  *See Wey Invs., LLC v. Lindstrom*, No. 2:22-CV-234 TS, 2022 WL 2704804, at *1 (D. Utah June 7, 2022); *Pioneer*, 507 U.S. at 395.  The Tenth Circuit has applied these factors in the Rule 60 context, along with other equitable factors that may be relevant.  *See Jennings*, 394 F.3d at 857.

[66] *Pioneer*, 507 U.S. at 395.

[67] *Id.* at 392.

[68] While Plaintiffs seek to have the entire Memorandum Decision and Order vacated, their Rule 60(b) Motion only addresses the court's basis for dismissing one claim of seven.  *See Rule 60(b) Motion* at 2–3 (arguing excusable neglect for failing to meet Rule 9 heightened pleading standard); *see also Memorandum Decision and Order* at 25–50 (dismissing fraud in the inducement claim under Rule 9 and six other claims for different reasons).  Because Plaintiffs' Motion fails on the merits, the court declines to address the propriety of vacating the dismissal of seven claims when a party has requested relief on only one.

[69] *Rule 60(b) Motion* at 3.

[70] *Id.* at 5.

[71] Dkt. 136-2, *Decl. of Kay Burningham* [sealed] at 2–3.

Memorandum Decision and Order.[72]   Counsel acknowledges the court mentioned Rule 9(b)

requirements in prior Orders but asserted she was unable to clearly understand due to her poor

health and the scope of the Church's fraud and misrepresentations.[73]

  Even resolving all doubts in favor of Plaintiffs, they have not proven excusable neglect.

To start, Plaintiffs' pleading failures are not a result of neglect.  It was not through faultless

omissions the necessary facts went unpleaded—counsel concedes as much in her Affidavit when

she acknowledges she made mistakes in prior filings which led to dismissal.[74]   Neither do the

errors qualify as "omissions caused by carelessness."[75]   While Plaintiffs attempt to characterize

them as such,[76] this argument overlooks the deliberateness of their acts.  The facts supporting

Plaintiffs' fraud-based claims were available, and they knew of the heightened pleading standard

for those claims—the court twice noted the rule and case law explaining its requirements—yet,

counsel did not include them because "[s]he believed that . . . she had specified in more than

conclusory fashion" what was needed to satisfy Rule 9.[77]   This shows counsel made conscious

decisions in pleading the case and the omissions were not due to carelessness, rather, they

resulted from a misunderstanding of what the law requires.  And "Rule 60(b)(1) relief is not

available for a party who simply misunderstands the legal consequences of his deliberate acts."[78]

---

[72] *Id.* at 3.

[73] *Id.* at 4.

[74] *Decl. of Kay Burningham* [sealed] at 3 (acknowledging the pleading deficiencies were "not my clients' fault" rather, a result of "mistakes I had made in my prior filings").

[75] *Id.* (internal citation and quotation omitted).

[76] *Rule 60(b) Motion* at 5 ("Plaintiffs ask the Court to find counsel's omissions of particularity under Fed. R. Civ. P. 9, as inadvertent or excusably neglectful in light of the personal information set forth in her Declaration.").

[77] *Id.* at 3.

[78] *Cashner*, 98 F.3d at 577.

Plaintiffs seek to avoid this conclusion by justifying their pleading choices as excusable.[79]  But litigation mistakes resulting from deliberate and counseled decisions are not excusable under Rule 60.[80]  Moreover, Plaintiffs' justifications fail to qualify as excusable.  In their Motion, Plaintiffs argue counsel's health challenges affected her ability to fully understand Rule 9's pleading requirements.[81]  The problem with this argument is that counsel's health challenges began in January 2021, nearly one year after the court noted the heightened pleading standard for fraud in the First Order.[82]  Thus, Plaintiffs were on notice of the requirements at the time they filed the Amended Complaint in May 2020, and their failures could not be excused by counsel's later health challenges.  Taking as true that counsel's health challenges affected her ability to fully appreciate the Rule 9 pleading standards in the Second Order,[83] this fails to explain why she was not already familiar with the standard from the court's First Order issued in March 2020.[84]

Other equitable factors likewise cannot work to excuse Plaintiffs' pleading failures.  Plaintiffs' omissions were entirely within their control and the mistake was not a single unintentional incident but part of a pattern of pleading deficiencies.  While there is no basis to

---

[79] *Rule 60(b) Motion* at 5.

[80] *Yapp*, 186 F.3d at 1231 ("Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party.").

[81] *Decl. of Kay Burningham* [sealed] at 3–4.

[82] *See First Order* at 7 n.46.

[83] *See Decl. of Kay Burningham* [sealed] at 3–4.

[84] Because this argument fails on other grounds, the court does not address the merits of whether it is excusable for an attorney's health issues to interfere with her ability to represent a client.  There is case law in this Circuit discussing when counsel's medical issues qualify as excusable neglect, *see Crespin v. City of Espanola,* No. CIV 11-0913 JB/KBM, 2013 WL 2284958, at *6–9 (D.N.M. May 10, 2013) (collecting cases), but Plaintiffs do not address this in their briefing nor show its applicability to the facts here.  And Plaintiffs would be hard-pressed to make such an argument.  It strains credulity to argue counsel's medical issues made her unable to recognize Rule 9 pleading deficiencies, yet she remained capable of drafting and filing over two dozen other legal documents in this case during the same time period.

find Plaintiffs acted in bad faith, the court cannot agree with Plaintiffs that the Church would

suffer no prejudice from allowing Plaintiffs to proceed with a Third Amended Complaint, this

one totaling around eighty-four pages.  The court twice dismissed Plaintiffs claims without

prejudice and allowed Plaintiffs to replead previously dismissed claims, often with considerable

additional allegations.[85]  Admittedly, Plaintiffs filed their Motion only a month after the case was

dismissed.[86]  Still, the parties have been litigating this case for nearly four years and this is

Plaintiffs' fifth iteration of a complaint.[87]  Equity weighs in favor of upholding the final

judgment.

> 2.  *Plaintiffs' Reply Brief*

In their Reply Brief, Plaintiffs appear to raise two new arguments why Rule 60(b)

provides grounds to relieve them from the consequences of their pleading failures.[88]  They argue

(1) the Rule 9 heightened pleading standard for fraud claims is ambiguous, and (2) the court

erred in applying the standard to their claims.[89]  "[T]his court ordinarily does not consider

---

[85] *See First Motion to Dismiss* at 1; *First Order of Dismissal; Second Motion to Dismiss* at 1; *Second Order of Dismissal*; *see also Memorandum Decision and Order* at 18–19 (noting the Second Amended Complaint "significantly expands from the first two Complaints, describing [allegations] in almost encyclopedic detail" and growing to "554 paragraphs over 203 pages").

[86] Plaintiffs argue prejudice in this context is determined by "the length of time that has passed since judgment became final." *Reply Rule 60(b) Motion* at 10.  However, they provide no legal support for this assertion.  *See id.* More importantly, courts are granted wide discretion in evaluating equitable considerations to determine what sort of neglect is "excusable."  *Pioneer*, 507 U.S. at 395 ("Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.").  Thus, these considerations are relevant even if not in the context of deciding prejudice.

[87] Plaintiffs filed three complaints operative at different times—Complaint, Amended Complaint, Second Amended Complaint—and have proposed two different versions of a Third Amended Complaint.  *See* Dkts. 2, 37, 110, 122, 135-2.

[88] *See* Dkt. 140, *Reply Rule 60(b) Motion* at 2–8.

[89] *Id.*

arguments raised for the first time in a reply brief."[90]  "Federal district courts around the nation

follow a similar practice" to promote fairness and efficiency.[91]  An exception is made, however,

when the new arguments are responsive to issues raised in opposition.[92]  Plaintiffs' first

argument arguably can be considered responsive to the Church's Opposition.  The Church

argued Rule 9's pleading standard is "unambiguous" and that misinterpretation of an

unambiguous procedural rule is not grounds for Rule 60(b) relief.[93]  Plaintiffs' second argument

is entirely new and not responsive to issues raised by the Church.  The court will therefore

consider the first argument but not the second.

Plaintiffs' argument in Reply is that the proper application of Rule 9 is ambiguous.[94]  The

relevant language of Rule 9 states, "a party must state with particularity the circumstances

constituting fraud or mistake."[95]  The Tenth Circuit has expounded on this Rule, explaining

"plaintiffs must 'set forth the time, place and contents of the false representation, the identity of

the party making the false statements and the consequences thereof.'"[96]  According to Plaintiffs,

the plain language of Rule 9 does not require pleading the "consequences" of fraud, it only

requires pleading the "circumstances," and "[a]ny standard for pleading consequences is dicta."[97]

This does not a provide a basis for Rule 60(b) relief.

---

[90] *Deseret Tr. Co. v. Unique Inv. Corp.*, No. 2:17-cv-00569, 2018 WL 8110959, at *3 (D. Utah July 3, 2018); *See, e.g.*, *Est. of Jensen by Jensen v. Clyde*, No. 2:17-cv-01031-DBB, 2022 WL 4268787, at *6 (D. Utah Sept. 15, 2022); *Welsh v. Safeco Ins. Co. of Am.*, No. 2:21-cv-00082-RJS-DBP, 2023 WL 2243178, at *12 (D. Utah Feb. 27, 2023).

[91] *Deseret Tr.*, 2018 WL 8110959, at *4.

[92] *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003).

[93] *Opp. Rule 60(b) Motion* at 5.

[94] *Reply Rule 60(b) Motion* at 2.

[95] Fed. R. Civ. P. 9(b).

[96] *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016) (quoting *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

[97] *Reply Rule 60(b) Motion* at 4–5.

As an initial matter, Plaintiffs do not identify which provision of Rule 60(b) they are relying on to obtain relief for the alleged ambiguity in the law.  A generous reading of the Reply indicates it could be a request under Rule 60(b)(6) or Rule 60(b)(1).[98]  Both arguments are unavailing.

Rule 60(b)(6) is a catchall provision allowing courts to grant a Rule 60(b) motion for "any other reason that justifies relief."[99]  Courts are instructed to grant relief under this provision only in "extraordinary circumstances and only when such action is necessary to accomplish justice."[100]  Stated differently, to warrant Rule 60(b)(6) relief, the circumstances must be "so unusual or compelling" that they offend justice.[101]

In essence, Plaintiffs' argument is that Tenth Circuit case law requires something different than what Rule 9 requires, creating ambiguity in the law concerning what exactly is required to meet the Rule 9 pleading standard.[102]  Yet Plaintiffs do not connect this argument to Rule 60(b)(6) and explain how this qualifies as extraordinary or highly unusual.  On its own, the court is unwilling and unable to construct an argument for Plaintiffs.  Indeed, these circumstances appear typical to what litigants must do in every case—sort out the proper legal

---

[98] *See Reply Rule 60(b) Motion* at 1–5.  The first section of the Reply is titled "The Case at Bar involves Exceptional Circumstances."  *Id.* at 1.  This appears to be a reference to Rule 60(b)(6), which is often invoked for obtaining relief from judgment in extraordinary or exceptional circumstances.  *See, e.g.*, *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (explaining a district court may grant a Rule 60(b)(6) motion in "extraordinary circumstances"); *Johnson*, 950 F.3d at 701 ("[R]elief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances." (internal citations and quotations omitted)).  Later in the Reply, Plaintiffs rely on a case that discusses ambiguity in granting relief from judgment under Rule 60(b)(1).  *Reply Rule 60(b) Motion* at 2–3.

[99] Fed. R. Civ. P. 60(b)(6).

[100] *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996) (internal citations and quotations omitted).

[101] *Cashner*, 98 F.3d at 590 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990)).

[102] *Reply Rule 60(b) Motion* at 3–5.  Plaintiffs also seemingly argue that Tenth Circuit law requiring a litigant to plead the consequences of fraud is legally incorrect.  *Reply Rule 60(b) Motion* at 3.  Inasmuch as this is their argument, the court declines to address it because a Rule 60(b) motion is not the proper vehicle for this argument— "such a motion is not a substitute for an appeal."  *See Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004).

standard

standard from case law and successfully plead their case according to that standard.  Without more, this argument fails to qualify Plaintiffs for Rule 60(b)(6) relief.

Plaintiffs fare no better under Rule 60(b)(1).  In the context of this argument, Plaintiffs rely on *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, where the Supreme Court granted a Rule 60(b) motion after finding "dramatic ambiguity" in bankruptcy court notices led to counsel missing a deadline.[103]  In that case, the Court granted relief under the "excusable neglect" provision (Rule 60(b)(1)), holding counsel's untimely filing was the result of a negligent omission which was "excusable" under the circumstances.[104]  The fact that the notice in *Pioneer* was ambiguous was just one factor weighing in favor of finding counsel's neglect excusable—the ambiguity was not the sole basis for granting Rule 60(b) relief.[105]  This is unhelpful to Plaintiffs' case because, as explained above, they cannot establish their pleading deficiencies result from a negligent omission.  And even crediting as true Plaintiffs' argument that the Rule 9 standard is ambiguous, the circumstances do not warrant holding in equity that Plaintiffs' pleading deficiencies were excusable.  Not only had the court twice identified the pleading standard it was relying upon for the fraud claims—noting Plaintiffs must "identify the time, place, and content of each allegedly fraudulent representation or omission, to identify the particular defendant responsible for it, and to identify the consequence thereof"[106]—the court also directed Plaintiffs to "make all changes referenced . . . and any other necessary edits so that the Second Amended Complaint contains all operative allegations in this case."[107]  The clarity

---

[103] *Reply Rule 60(b) Motion* at 2 (citing *Pioneer*, 507 U.S. at 398).

[104] *Pioneer*, 507 U.S. at 394–95, 397–98.

[105] *Id.* at 397–98.

[106] *First Order* at 7 n.46; *Second Order* at 14 n.85 (quoting *Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1263 (D. Utah 2004) (citation omitted)).

[107] *Order Granting Second Motion to Amend* at 2.

provided by the court negates any alleged ambiguity over what is required by Rule 9.  Thus,

Plaintiffs do not qualify for Rule 60(b)(1) relief for excusable neglect due to alleged ambiguities

in Rule 9.[108]

## CONCLUSION

For the reasons explained, Plaintiffs' pleading deficiencies do not merit relief under Rule

60(b)(1)'s excusable neglect provision, nor are these the type of "extraordinary circumstances"

warranting relief under Rule 60(b)(6).  Plaintiffs' Rule 60(b) Motion for Relief from Judgment is

DENIED.

SO ORDERED this 25th day of July, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[108] Because Plaintiffs fail to meet the Rule 60(b) standards for relief, the court has no occasion to evaluate whether the Rule 9 pleading standard is ambiguous as alleged.

16